

December 20, 2022

**VIA ECF**
Honorable Sarah L. Cave, U.S.M.J.
United States District Court Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

> By **Wednesday, December 28, 2022**, Defendants shall file their response to Plaintiff's motion for reconsideration of the December 19, 2022 order.
>
> SO ORDERED 12/22/22
>
> *SARAH L. CAVE*
> United States Magistrate Judge

**Re: Kristina Mikhaylova v. Bloomingdale's, Inc., et al.
Docket No.: 19-cv-08927**

Dear Honorable Judge Cave:

    I represent Plaintiff, Kristina Mikhaylova, in the above-referenced action. I respectfully request this Honorable Court to reconsider its Order of December 19, 2022 granting in part and denying in part. Specifically, I respectfully request that Defendants respond to the supplemental requests that were made on the record at the defendants depositions in advance of the discovery deadline and for Defendants to supplement their previous responses as they were required to do so in a timely manner under the Federal Rules of Civil Procedure 26(e). *Peerless Network, Inc. v. AT&T Corp.,* No. 15-CV-870 (VM)(VF), 2022 WL 3700141, at *3 (S.D.N.Y. Aug. 26, 2022).

    The following requests were made on the record and known to Defendants before the discovery deadline and there is no prejudice to defendants. I defer to your Honor in the length of time for Defendants to respond to these requests. Additionally, Mr. Diaz's deposition transcript did not become available to us until December 13 because the court reporter was missing. This was an extraordinary circumstance because the court reporter was missing, and it was not within our control.

- Dkt No. 88-3, ¶27 and Exhibit 1
- Dkt No. 88-4, ¶¶4-11 and Exhibit 1 attached.
- Dkt No. 88-4, ¶12 and Exhibit 3 attached
- Exhibit 2, request for email exchange

    As to the following request, I raised in my previous letter to your Honor that after many attempts as evidenced by the affidavit of services we were unable to serve the witness until November 15, 2022 and the deposition was not scheduled until December 5, 2022. Therefore, as stated (although not specifically stating extraordinary circumstances) because the information provided during the witness's deposition (as referenced below) was raised for the first time it could not have been known to Plaintiff and/or we could not have made the requests prior to his deposition.

- Dkt No. 88-3, ¶3 and Exhibit 4 – that Richard Law did not handle grievances

1



- Dkt No. 88-3, ¶23 and Exhibit 5 – Richard Law said that the email retention policy that was previously produced by Defendants in discovery was not the same email server they were using at the time.

Also, we previously informed the Court that defendants did not properly respond to Plaintiff's initial requests to state that Defendants should have already produced those responses without Plaintiff re-issuing the requests. Defendants had a duty on their own to supplement those responses after the confidentiality order was in place (including but not limited to Bobby Bookers files, Denis Diaz's files, previous names and files of employees that evaded taxes, etc). Under the FRCP 26(e) Plaintiff did not have to reissue those requests because Defendants had a duty to supplement or correct their previous responses as new information came into their possession or they already had it in their possession. *Peerless Network, Inc. v. AT&T Corp.*, No. 15-CV-870 (VM)(VF), 2022 WL 3700141, at *4 (S.D.N.Y. Aug. 26, 2022). Additionally, during Richard Law's deposition (as stated above) it was discovered that a different email server was used than what had been previously provided by Defendants in discovery and Defendants previously stated some emails no longer existed in accordance with that policy. With this new information Defendants were required to supplement their previous responses.

Accordingly, Plaintiff respectfully requests your Honor reconsider its Order dated December 19, 2022. Thank you for your time and consideration in this matter.

                                              Respectfully submitted,

                                              **DEREK SMITH LAW GROUP, PLLC**
                                               *Attorneys for Plaintiff*

                                             */s/Melissa Mendoza*
                                             Melissa Mendoza, Esq.
                                             One Penn Plaza, Suite 4905
                                             New York, New York 10119
                                             (212) 587-0760

CC:    **Via ECF**

       Steven Gerber, Esq.
       SCHOEMAN UPDIKE & KAUFMAN & GERBER LLP
       *Attorneys for Defendants*

       Betty Thorne Tierney, Esq.
       MACY'S, INC.
       *Attorneys for Macy's*