UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTINA MIKHAYLOVA,

                    Plaintiff,

-v-

BLOOMINGDALE'S INC. et al.,

                    Defendants.

CIVIL ACTION NO.: 19 Civ. 8927 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

On December 19, 2022, the Court partially denied the letter motion filed by Plaintiff Kristina Mikhaylova ("Ms. Mikhaylova") dated December 14, 2022 (ECF No. 87 (the "Letter-Motion")), to the extent that she sought an extension of time to exchange any outstanding discovery productions. (ECF No. 89 (the "Dec. 19 Order")). On December 21, 2022, Ms. Mikhaylova filed a letter-motion requesting that the Court reconsider the Dec. 19 Order. (ECF No. 90 (the "Letter-Motion for Reconsideration")). On December 28, 2022, Defendants Bloomingdale's, Inc. and Christopher Castellani (together, the "Defendants") filed their opposition to the Letter-Motion for Reconsideration. (ECF No. 92). For the reasons set forth below, the Letter-Motion for Reconsideration is DENIED.

## II.    DISCUSSION

### A. Legal Standard

#### 1. Motions for reconsideration

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. See Morgan v. Gaind, 462 F. App'x 56, 57 (2d Cir. 2012). Local Civil Rule 6.3

specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  See Local Civ. R. 6.3.  Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cnty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]" Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "'advance new facts, issues or arguments not previously presented to the Court.'" Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (quoting Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland, 768 F. Supp. 115, 116

(S.D.N.Y. 1991)). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

Ultimately, the decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 59 (2d Cir. 2009)).

### B. Application

Ms. Mikhaylova advances three arguments why the Court should reconsider the Dec. 19 Order: (1) Defendants have failed to properly respond to Ms. Mikhaylova's initial requests; (2) Defendants have violated Federal Rule of Civil Procedure 26 by failing to supplement or correct their previous responses as new information came into their possession; and (3) the court reporter responsible for Denis Diaz's deposition was "missing" until December 13, 2022. (ECF No. 90). These arguments are identical to the arguments that Ms. Mikhaylova made in the Letter-Motion, (compare ECF No. 90 with ECF No. 87), and that the Court rejected in the Dec. 19 Order. (ECF No. 89). Because a motion for reconsideration is not "an occasion for repeating old arguments previously rejected[,]" Associated Press, 395 F. Supp. 2d at 19, and Ms. Mikhaylova does not attempt to demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice[,]" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), or argue the existence of "extraordinary circumstances justifying reconsideration[,]" Moore v. Peters, 341 F.R.D. 463, 468 (W.D.N.Y. 2022) (internal citation omitted), the Letter-Motion for Reconsideration is DENIED.

The Court has granted Ms. Mikhaylova <u>seven</u> prior extensions of the fact discovery deadline, (<u>see</u> ECF Nos. 52; 58; 61; 63; 70; 78; 84), and previously warned the parties that "[n]o further extensions will be granted absent extraordinary circumstances." (ECF No. 84 at 1). Under these circumstances, there is no basis to reconsider the Court's refusal to extend fact discovery any further, and the Court deems fact discovery closed as of December 14, 2022.

### III. CONCLUSION

For the reasons set forth above, the Letter-Motion for Reconsideration is DENIED. The Clerk of Court is respectfully directed to close ECF No. 90.

Dated:     New York, New York         SO ORDERED.
             December 29, 2022

_____
**SARAH L. CAVE**
**United States Magistrate Judge**