UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTINA MIKHAYLOVA,

                Plaintiff,

-v-

BLOOMINGDALE'S INC. et al.,

                Defendants.

CIVIL ACTION NO.: 19 Civ. 8927 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

On December 19, 2022, the Court granted Plaintiff Kristina Mikhaylova ("Ms. Mikhaylova") a 60-day extension of time, i.e., until today, Friday, February 17, 2023, to serve a deposition subpoena (the "Subpoena") on Bobby Booker ("Mr. Booker"), who "appear[ed] to have deviously evaded service." (ECF No. 89 at 2 (citing ECF No. 87 at 1)).  Today—February 17, 2023—Ms. Mikhaylova filed a letter-motion seeking to "(i) retroactively grant [her] permission to serve [the Subpoena on] Mr. Booker via alternative service including email, certified and federal express mail; (ii) serve Mr. Booker via an additional email address and text message [she] believe[s] to belong to Mr. Booker[]; (iii) and compel Mr. Booker to appear for a remote deposition on March 3, 2023 at 10am." (ECF No. 94 (the "Letter-Motion")).  For the reasons set forth below, the Letter-Motion is GRANTED IN PART and DENIED IN PART.

## II.    DISCUSSION

### A.  Legal Standard

Rule 45 of the Federal Rules of Civil Procedure sets forth the standards governing subpoenas issued to non-parties.  See Fed. R. Civ. P. 45; see also Med. Diagnostic Imaging, PLLC

v. CareCore Nat., LLC, No. 06 Civ. 13516 (VM) (THK), 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008).  "Rule 45 provides that '[s]erving a subpoena requires delivering a copy to the named person.'"  Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc., No. 09 Civ. 2507 (RRM) (RER), 2010 WL 2346283, at *2 (E.D.N.Y. Apr. 21, 2010), adopted by, 2010 WL 2346276 (E.D.N.Y. June 8, 2010).  "The word 'delivering' is not defined in the Rules."  Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 453 (S.D.N.Y. 2017).  Although, in the past, "many courts have interpreted this language as requiring personal service[,]" id., "courts in the Second Circuit have authorized alternative service [where] . . . service was sufficient because it was calculated to provide timely actual notice."  Med. Diagnostic, 2008 WL 3833238, at *2 (collecting cases); 6340 NB LLC v. Cap. One, N.A., No. 20 Civ. 02500 (JMA) (JMW), 2022 WL 4386821, at *1 (E.D.N.Y. Sept. 22, 2022) (same); Tube City IMS, LLC v. Anza Cap. Partners, LLC, No. 14 Civ. 1783 (PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (same); JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 Civ. 9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (same); see also Cadlerock, 2010 WL 2346283, at *3 (holding that the "language of Rule 45 supports th[e] interpretation" that delivery "means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service").  Courts permitting alternative service "do not give serving parties carte blanche[,]" but instead, "require the serving party to seek leave to serve by alternative means and to demonstrate a prior diligent attempt to personally serve." Kenyon v. Simon & Schuster, Inc., No. 16 Misc. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); but see Pence, 322 F.R.D. at 454 ("Some courts . . . have not even required a party to move for an order permitting alternative service in advance of such service.").

2

Accordingly, "Rule 45 permits service of subpoenas by means other than personal service under appropriate circumstances." Pence, 322 F.R.D. at 454.

### B. Application

Here, the Court finds that Ms. Mikhaylova has made many diligent attempts to serve the Subpoena on Mr. Booker. Ms. Mikhaylova has already attempted personal service on Mr. Booker thirteen times at three locations. (See ECF Nos. 94-1; 94-2; 94-4; 94-6). Courts have permitted alternative service of subpoenas after far fewer unsuccessful attempts at personal service. See Tube City, 2014 WL 6361746, at *1; Ultradent Prod., Inc. v. Hayman, No. M8-85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002). Accordingly, the Court will permit Ms. Mikhaylova to serve the Subpoena on Mr. Booker by alternative means, including by certified mail, see Cordius Tr. v. Kummerfeld, No. 99 Civ. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000), email, see Pence, 322 F.R.D. at 455, and telephonically. Id.

To the extent, however, Ms. Mikyahlova seeks approval of her prior attempts to serve the Subpoena on Mr. Booker, she provides no authority for such retroactive approval of alternative service. Because any "method of service of the subpoena has to comport with due process and be 'reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections,'" Cadlerock, 2010 WL 2346283, at *4, and Ms. Mikhaylova had not previously sought obtained leave to effect alternative service on Mr. Booker, her request to have the Court nunc pro tunc authorize service by alternative means and compel his appearance at the March 3, 2023 deposition is DENIED.

3

### III.   CONCLUSION

For the reasons set forth above, Ms. Mikhaylova's Letter-Motion is GRANTED only to the extent that the Court will allow a final extension of time until **Friday, February 24, 2023** for Ms. Mikhaylova to serve the Subpoena on Mr. Booker by the alternative means set forth above, and her request for <u>nunc pro tunc</u> approval of past attempts at service is DENIED. By **February 27, 2023**, Ms. Mikhaylova must file an affidavit of service in accordance with this Order, or a letter stating that she was unable to serve Mr. Booker.  <u>No further extensions to serve Mr. Booker will be granted.</u>

The Clerk of Court is respectfully directed to close ECF No. 94.

Dated:     New York, New York            SO ORDERED.
           February 17, 2023

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4