UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTINA MIKHAYLOVA,

                         Plaintiff,

-v-

BLOOMINGDALE'S INC. et al.,

                         Defendants.

CIVIL ACTION NO.: 19 Civ. 8927 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

On December 19, 2022, the Court granted Plaintiff Kristina Mikhaylova ("Ms. Mikhaylova") a 60-day extension of time, i.e., until February 17, 2023, to serve a deposition subpoena (the "Subpoena") on Bobby Booker ("Mr. Booker"), who "appear[ed] to have deviously evaded service." (ECF No. 89 at 2 (the "Dec. 19 Order") (citing ECF No. 87 at 1)). On February 17, 2023, the Court denied Ms. Mikhaylova's letter-motion to the extent it sought nunc pro tunc approval of past attempts at service, but granted her a final extension of time (i.e., until February 24, 2023) to serve the Subpoena on Mr. Booker. (ECF No. 95 (the "Feb. 17 Order")). On February 24, 2023, Ms. Mikhaylova filed a letter-motion requesting that the Court reconsider the Feb. 17 Order, and nunc pro tunc authorize alternative service on Mr. Booker (ECF No. 96 (the "Letter-Motion for Reconsideration")). For the reasons set forth below, the Letter-Motion for Reconsideration is GRANTED.

## II. DISCUSSION

### A. Legal Standard

#### 1. Motions for Reconsideration

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. See Morgan v. Gaind, 462 F. App'x 56, 57 (2d Cir. 2012). Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. See Local Civ. R. 6.3. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cnty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously

advanced[.]" Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "'advance new facts, issues or arguments not previously presented to the Court.'" Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (quoting Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

Ultimately, the decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 59 (2d Cir. 2009)).

B. **Application**

The Court deems service on Mr. Booker complete. The authority Ms. Mikhaylova cites for the retroactive approval of alternative service is persuasive. In Sparrow Fund Managament LP v. MiMedx Group, Inc., the court retroactively granted plaintiff permission to serve on an evasive non-party a subpoena duces tecum. No. 18 Civ. 4921 (PGG) (KHP), 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021). Here, the Court has previously noted Mr. Booker's efforts to evade service, (see ECF Nos. 89 at 2; 95 at 1), and now notes that Bruce Flowers, counsel for Mr. Booker, has accepted service on his behalf. (ECF No. 96). Because "[t]he decision to grant or deny a motion for reconsideration is 'committed to the sound discretion of the district court[,]'" Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting Wilder v. News Corp., No. 11 Civ. 4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)), Mr. Booker acknowledged receipt of the Subpoena via alternative means, and Ms. Mikhaylova effected

service by alternative means in the time allotted by the Court, the Court retroactively grants Ms. Mikhaylova permission to serve Mr. Booker by alternative means.

### III.   CONCLUSION

For the reasons set forth above, the Letter-Motion for Reconsideration is GRANTED.  By **Tuesday, February 28, 2023**, Ms. Mikhaylova shall file proof of service of this Order on Mr. Booker.  Service on Mr. Booker may be effected in accordance with the alternative means authorized in the Feb. 17 Order.  (ECF No. 95 at 3).  The Clerk of Court is respectfully directed to close ECF No. 96.

Dated:   New York, New York  
         February 27, 2023

SO ORDERED.

_____  
**SARAH L. CAVE**  
**United States Magistrate Judge**