UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>               Plaintiff,<br><br>  -against-<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually,<br><br>               Defendants. | Civil Action No. 1:19-cv-08927-GDB |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Melissa Mendoza, Esq.
**DEREK SMITH LAW GROUP, PLLC**
ONE PENNSYLVANIA PLAZA, SUITE 4905
NEW YORK, NY 10119
(212) 587-0760

1

## **PRELIMINARY STATEMENT**

Plaintiff respectfully submits this Memorandum of Law in opposition to the Defendants' Motion for Summary Judgment. As per the undisputed facts outlined in Plaintiff's Counterstatement of Facts (Counter SUF) as well as the supporting authoirities below, there are material issues in dispute, which warrant a denial of the Defendants motion for summary judgment as a matter of law. Plaintiff respectfully refers and incorporates the facts set forth in Plaintiff's Counter SUF, Declaration of Melissa Mendoza, Declaration of Kristina Mikhaylova, and the exhibits annexed thereto.

This case is about pregnancy discrimination, failure to accommodate for a medical condition related to pregnancy, retaliation and unlawful termination. Specifically, Plaintiff's nausea from her pregnancy made her sick sometimes at work and before which made her late. After Plaintiff informed her manager that she was pregnant, her due date and her need for an accommodation, Defendants took materially adverse action Plaintiff and ultimately fired Plaintiff for pretextual reasons. From the date of Plaintiff's termination (June 16, 2017) until present, Defendants have given several inconsistent reasons for Plaintiff's termination. First, because Plaintiff admitted to shipping purchases for family and friends directly to their out of state address instead of paying the New York sales tax and giving those purchases at a later time. Second, because Plaintiff exceeded the handbag and shoe limit of purchases. Defendants submitted this reason to the Department of Labor for Plaintiff's unemployment benefits. Third and this reason was only proffered after Plaintiff initiated this lawsuit, that Defendants "suspected" Plaintiff was either a reseller or receiving reimbursement for her purchases made with her discount. However, it is clear from the record all of these reasons were pretextual and defendants wanted to terminate

her because of her request for an accomodation, her pregnancy, her disability and sex/gender and becuase Plaintiff complained of discrimination based on her pregnancy, pregnancy related condition and need for an accomdoation. It is clear from the record Defendants spent between July 10, 2017 the date of the grievance hearing with the union until November 17, 2017, to investigate other employees for other reasons and try to implicate plaintiff for some theory that she was a diverter.

As is demonstrated further herein, Plaintiff has made out a prima facie case of pregnancy discrimination, sex/gender discrimination. disability discrimination, failure to accommodate, retaliation, and wrongful termination. The Defendants fail to proffer a legally cognizable defense to the discrimination and retaliation alleged. efendants fail to address multiple adverse employment actions in this case. The two main being: The first was the suspension without pay and second was termination then again after grievance. Critcally important fact because plaintiff was placed on suspension after engaging in protected activities, etc.

Furthermore, the Defendants' moving papers are nothing more than conclusory statements, conflicting testimony, and alternate defenses because they do not have evidentiary material to support their defenses. In fact, any of the materials Defendants include in their moving papers only raise more issues of material fact which are properly left for a jury to decide, making summary judgment improper. Thus, the Defendants' motion for summary judgment must be denied.

Had Plaintiff not informed Defendants that she was pregnant, needed an accomdation and complained of pregnancy she would not have been suspended and/or terminated. Plaintiff's statement has remained the same she did not violate any of Defendants' policies. Plaintiff would ship customers and her purchases to states that did not have a macy's or bloomingdale's to avoid paying tax.

3

Defendants make a failed attemot to confuse this court and misrepresent the policies and practice in place at the time of Plaintiff's employment and the newly created policies after plaintiff's termiantion. Have mixed the policies to make it sound more egregious and perplex, have added the handbags Plaintiff was selling to customers with those she was purchasing, have grouped together the investigations to create this false narrative that seems confusing. When you really break it down it is quite simple, Defendants discriminated against Plaintiff on the basis of her sex/gender, disability and pregnancy and retaliated against her for engaging in protected activities.

## ARGUMENT

**I.    PLAINTIFF HAS ESTABLISHED AS MATTER OF LAW**

"Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v. Ceppos, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (Sillman v. Twentieth Century Fox Film, 3 NY2d 395 [1957])." Wolfe-Santos v. NYS Gaming Com'n, No. 160963-2016, 2023 WL 5431870 (N.Y. Sup Ct, New York County Aug. 22, 2023).

"To avoid summary judgment in an employment discrimination case, the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." **Colon v. Fashion Inst. of Tech. (State Univ. of New York), 983 F. Supp. 2d 277, 290–91 (S.D.N.Y. 2013).** Plaintiff's initial burden of establishing a prima fascie case of discrimination"has been described as "de minimus."" *Clark v. Beth Israel Medical Center*, 2011 N.Y. Misc. LEXIS 634, *15 (Sup. Ct., N.Y. Cty.

4

2011) (denying summary judgment under ADA and NYSHRL) Here plaintiff met her burden of establishing a prima fascie case by showing that she was a female, pregnant, and with a disability and that she was suspended and ultimately terminated under circimstances giving rise to an inference of discrimination. *Clark v. Beth Israel Medical Center*, 2011 N.Y. Misc. LEXIS 634, *15 (Sup. Ct., N.Y. Cty. 2011). Ultimately Plaintiff has met her burden that she was treated differently than others, there are multiple reasons for her suspension then termination. She was forced to take FMLA leave which is npt an accomodation. Plaintiff was replaced by a male, she was terminated for the saeme reason as Ttyler Rose a male. Plaintiff has also estaboished the comparators especially Heidi Dakter, Ex 26, that involved the same supervisors, similar facts, and that case was resolved.

"Violations of the company's own policies or procedures: Departures from the normal procedural sequence might also afford evidence that improper purposes are playing a role." (Village of Arlington Heights v. Met. Hous. Dev. Corp. (1977) 429 U.S. 252, 267.) plaintiff has established Defendants do not even know what policy they were supposed to follow and which they applied to Plaintiff. Defendants have not met their burden - Cannot prove causation – they claim/argue that Castellani investigated information received from MCCS. The information "suggested" Plaintiff engaged in wrongdoing. There was no proof and even still if it was because of her admitting to mailing out of state that came after the fact, after they could see she was pregnant and file said on FMLA intermittent leave. Cannot meet their burden under NYCHRL under mixed motive standard. Even though out of state initiated investigation arguably, still 59th street store learned of taxes during interrogation and that was reason for terminating her only actual reason but even still no one else was terminated and didn't follow policies for termination warning etc, no policy that says that was wrong. Plaintiff satisfied this

by making informal complaint to Richard Law and during grievance procedure. Then Richard lAW Made ultimate decision to terminate for pretextual reasons.

FAILURE TO ACCOMMODATE

Defendants improperly cite to the elements a discriminatory discharge claim under the ADA rather than  failure to accommodate claim. The correct elements of failure to accommodate claim under ADA that pLaintiff must establish are:  it is "An employee can demonstrate that an employer breached its duty to provide a reasonable accommodation because it failed to engage in good faith in the interactive process by showing that: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Bernhard v. Brown & Brown of Lehigh Valley, Inc., 720 F. Supp. 2d 694, 700 (E.D. Pa. 2010) "A request for accommodation need not take a specific form" (internal quotation marks omitted)); Miloscia v. B.R. Guest Holdings LLC, No. 116881/2009, 2010 WL 9949235, at *6 (Sup. Ct. July 13, 2010). Plaintiff should win ADA failure to accommodate claim because it is evident defendants did not have engage in faith in interactive process nor did they provide her with reaonsbale accommodation. At the very least there are material fact issues as to whether engaged in good faith or reasonable accommodation given. Which require the court to deny summary judgment. Reasonableness in accommodation and failure to have good faith interactive dialogue - Could have accommodated her with modifying schedule or breaks: ""The term 'reasonable accommodation' may include—(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time *or*

6

*modified work schedules,* reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B) (2005) (emphasis added)." Colwell v. Rite Aid Corp., 602 F.3d 495, 505 (3d Cir. 2010). Since defendants did not explain undue hardship summary judget cannot be granted on this claim.

"To avoid summary judgment in an employment discrimination case, the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." **Colon v. Fashion Inst. of Tech. (State Univ. of New York), 983 F. Supp. 2d 277, 290–91 (S.D.N.Y. 2013).** "Under the NYCHRL, however, differential treatment may be actionable even if it does not result in an employee's discharge." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 114 (2d Cir. 2013). Jury could find that pLaintiff's pregnancy was a motivating factor in Defecdentsn decision to terminate because temporal proximity between notice and termination and and Plaintiff was treated differently after she informed them that she was pregnant and requested an accommodation. They replaced her with a male and they let Tyler Rose continue working there. Here not just timing that they terminated her for sales but also that they replaced her with male and didn't terminate people for doing the same thing she did. Here, since she only needs to prove jury could conclude that Plaintiff's pregnancy was one of the motivating factors in Defendants's decision to terminate. To defeat summary judgment Plaintiff need only show prohibited factor was atleast one of the motivating factors.

      Here, Plaintiff has presented sufficient evidence to create a triable question of fact as to whether Castellani "actually participated" in the conduct giving rise to Plaintiff's claim of unlawful discrimination in violation of NYSHRL and NYCHRL.

The handbags purchased on sale were not to be included in the 24 handbag limit. Plaintiff was unaware that the sale handbags were included in the two handbags per month limit as everyone knew there was no limit on sale. Exh. 12, bates Mikhaylova 211.Defendants used what she said during that June 6, 2017 interview to use it against her but did not actually conduct an investigation because it was too short compare to the others that took months and ultimately nothing came up. Notably they did not investigate the other people including manager about avoiding taxes.

There are tax implications and explanations beyond the reach and/or scope of this litigation. However, it is clear that Defendants are well aware of the tax laws and see BLOOMINGDALE BROTHERS, A DIVISION OF FEDERATED DEPARTMENT STORES, INC. "Finally, we must ever be mindful that tax statutes of doubtful meaning are to be construed in favor of the taxpayer" Bloomingdale Bros., a Div. of Federated Dep't Stores v. Chu, 70 N.Y.2d 218, 223, 513 N.E.2d 233 (1987)"we held in a related context that the New York City sales tax did not apply where the sales contract required delivery by the seller, at his expense, to the nonresident purchaser's address outside New York City." Bloomingdale Bros., a Div. of Federated Dep't Stores v. Chu, 70 N.Y.2d 218, 222, 513 N.E.2d 233 (1987)

      Defendants have not produced all evidence in the record because emails were gone before notice of plaintiff's claims.  Exh. 16,  ¶4, Defs Resp. to Doc. Demands (1/21/2021). Email policy is that it is deleted after 60 days. Unless placed in separate folder. Blm 120 Law denied ever receiving a complaint of pregnancy discrimination and/or retaliation. Law Dep. P. 22:25-23:4. None of the people defendants allege implicated plaintiff were fired for the same reason as

plaintiff. They were fired after further investigation. During that entire time between June and November 2017 they were terminating or investigating others for fraud then implicating mikhaylova to build case to bring to union because union filed grievance. So waited until November 10, 2017 to give her the final reason which obviously was close to her due date she wouldn't have been able to go back to work regardless an/or her leave would not have been approved. After Plaintiff's termination, when Younis asked Law what Younis and Diaz should be doing on their end, Law told Younis "my suggestion would be to reinforce to all associates that they are to adhere to all store policies and procedures. If they have a question about a policy or procedure, they should consult with a manger before proceeding." Exh. 10, bates BLM1535. This is vague as there was no discussion regarding reselling, whooever was sending to those addresses would be terminated, evasion of taxes is illegal violation of federal and state tax law. This was because that was not the real reason. However on June 17, 2017 after plaintiff contacted the union nad they filed a grievance on her behalf that is when they suddenlty started investigating everyone else and they were implicating plaintiff.

Defednants did not even know the correct policy applied during plaintiff's employment. Younis testified to different policies than Law. (Counter SUF 104). Yet law allegedly terminated plaintiff for violating the purchase limits. same as castellani he pulled plainitff for violating purchase limits as that was already planned. Therefore, there was no real reason to pull her. It would of course dissuade any reasonable employee to make a request for an accommodation and/or complaint of discrimination knowing the pattern in this company is to that you will be terminated and/or investigated for engaging in protected activity. (Counter SUF Comparators)

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion for summary judgment must be denied in its entirety.

Dated: September 19, 2023
       New York, New York

                                     **DEREK SMITH LAW GROUP, PLLC**
                                     *Attorneys for Plaintiff*

                                     <u>/s/Melissa Mendoza</u>
                                     Melissa Mendoza, Esq.
                                     Derek Smith Law Group, PLLC
                                     One Pennsylvania Plaza Suite 4905
                                     New York, New York 100119
                                     Telephone: (212) 587-0760
                                     melissa@dereksmithlaw.com