# EXHIBIT 9

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:20-cv-06271-ALC-OTW

| | |
|---|---|
| Bershadskaya v. Bloomingdale's, Inc. | Date Filed: 08/10/2020 |
| Assigned to: Judge Andrew L. Carter, Jr | Date Terminated: 01/20/2021 |
| Referred to: Magistrate Judge Ona T. Wang | Jury Demand: Plaintiff |
| Cause: 29:2617 Family and Medical Leave Act of 1993 | Nature of Suit: 751 Labor: Family and Medical Leave Act |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Alla Bershadskaya**               represented by **Casimir Joseph Wolnowski**
                                                    Law Office of Casey J. Wolnowski
                                                    73 Fifth Avenue, Suite 2A
                                                    New York, NY 10003
                                                    (718) 858-0917
                                                    Fax: (917) 591-2890
                                                    Email: casey@cjwfirm.com
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bloomingdale's, Inc.**            represented by **Steven Gerber**
*TERMINATED: 02/10/2021*                            Schoeman Updike & Kaufman & Gerber LLP
                                                    551 Fifth Avenue
                                                    12th Floor
                                                    New York, NY 10176
                                                    212-661-5030
                                                    Fax: 212-687-2123
                                                    Email: sgerber@bglaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2020 | 1 | COMPLAINT against Bloomingdale's, Inc.. (Filing Fee $ 400.00, Receipt Number ANYSDC-21077578)Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 08/10/2020) |
| 08/10/2020 | 2 | CIVIL COVER SHEET filed..(Wolnowski, Casimir) (Entered: 08/10/2020) |
| 08/10/2020 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Bloomingdale's, Inc., re: 1 Complaint. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 08/10/2020) |
| 08/11/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Andrew L. Carter, Jr. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 08/11/2020) |
| 08/11/2020 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 08/11/2020) |
| 08/11/2020 | | Case Designated ECF. (pc) (Entered: 08/11/2020) |
| 08/11/2020 | 4 | ELECTRONIC SUMMONS ISSUED as to Bloomingdale's, Inc...(pc) (Entered: 08/11/2020) |
| 08/31/2020 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Bloomingdale's, Inc. served on 8/20/2020, answer due 9/10/2020. Service was accepted by Sue Zouky, Authorized Agent, NY Secretary of State. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 08/31/2020) |

| | | |
|---|---|---|
| 09/11/2020 | 6 | PROPOSED CLERK'S CERTIFICATE OF DEFAULT. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 09/11/2020) |
| 09/11/2020 | 7 | DECLARATION of Plaintiff's Counsel in Support re: 6 Proposed Clerk's Certificate of Default. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 09/11/2020) |
| 09/11/2020 | 8 | CLERK'S CERTIFICATE OF DEFAULT as to Bloomingdale's, Inc.(km) (Entered: 09/11/2020) |
| 09/11/2020 | 9 | NOTICE OF APPEARANCE by Steven Gerber on behalf of Bloomingdale's, Inc...(Gerber, Steven) (Entered: 09/11/2020) |
| 09/11/2020 | 10 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint, 8 Clerk's Certificate of Default *and vacate default* addressed to Judge Andrew L. Carter, Jr. from Steven Gerber, Esq. dated September 11, 2020. Document filed by Bloomingdale's, Inc...(Gerber, Steven) (Entered: 09/11/2020) |
| 09/20/2020 | 11 | ORDER: granting 10 Letter Motion for Extension of Time to Answer. Answer time extended until Oct. 12, 2020. Bloomingdale's, Inc. answer due 10/12/2020. (Signed by Judge Andrew L. Carter, Jr on 9/20/2020) (ama) (Entered: 09/21/2020) |
| 10/12/2020 | 12 | ANSWER to 1 Complaint. Document filed by Bloomingdale's, Inc...(Gerber, Steven) (Entered: 10/12/2020) |
| 10/12/2020 | 13 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Macy's, Inc., Corporate Parent Macys Retail Holdings, LLC for Bloomingdale's, Inc.. Document filed by Bloomingdale's, Inc...(Gerber, Steven) (Entered: 10/12/2020) |
| 11/12/2020 | 14 | ORDER OF REFERENCE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Ona T. Wang. (Signed by Judge Andrew L. Carter, Jr on 11/12/2020) (js) (Entered: 11/12/2020) |
| 11/17/2020 | 15 | INITIAL CASE MANAGEMENT CONFERENCE ORDER: An Initial Pretrial Conference in accordance with Rule 16(b) of the Federal Rules of Civil Procedure will be held telephonically on Thursday, January 21, 2021 at 4:30 p.m. The dial in information is (866) 390-1828, access code 1582687. Parties are directed to complete the Report of Rule 26(f) Meeting and Proposed Case Management Plan, available at https://www.nysd.uscourts.gov/hon-ona-t-wang, and file it via ECF one week before the Initial Conference, i.e., by Thursday, January 14, 2021. Counsel who disagree about the dates or other terms of the proposed schedule shall submit a joint letter briefly explaining the dispute. Such letter, if any, must be submitted one week before the Initial Conference, i.e., by Thursday, January 14, 2021. The letter shall be filed via ECF. Counsel who have entered an appearance as of the date of this order are directed to notify all other parties attorneys in this action by serving upon each of them a copy of this order. If unaware of the identity of counsel for any of the parties, counsel receiving this order must send a copy of this order to that party personally. SO ORDERED.( Initial Conference set for 1/21/2021 at 04:30 PM before Magistrate Judge Ona T. Wang.) (Signed by Magistrate Judge Ona T. Wang on 11/17/20) (yv) (Entered: 11/17/2020) |
| 01/13/2021 | 16 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 01/13/2021) |
| 01/19/2021 | 17 | LETTER MOTION to Stay addressed to Judge Andrew L. Carter, Jr. from Plaintiff's counsel dated January 19, 2021. Document filed by Alla Bershadskaya..(Wolnowski, Casimir) (Entered: 01/19/2021) |
| 01/20/2021 | 18 | ORDER OF DISCONTINUANCE: It having been reported to the Court that this case has been or will be settled, it is hereby ORDERED that the above-captioned action is discontinued without costs and without prejudice to restoring the action to this Court's calendar if the application to restore the action is made within forty-five days. So Ordered. (Signed by Judge Andrew L. Carter, Jr on 1/20/2021) (js) (Entered: 01/20/2021) |
| 02/09/2021 | 19 | PROPOSED STIPULATION AND ORDER. Document filed by Bloomingdale's, Inc...(Gerber, Steven) (Entered: 02/09/2021) |
| 02/10/2021 | 20 | STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT ATTORNEYS FEES OR COSTS TO ANY PARTY: IT IS HEREBY STIPULATED AND AGREED by the attorneys for the parties herein that, pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is hereby dismissed with prejudice and without attorney's fees or costs to any party; and that this Stipulation be endorsed and entered by the Court. So Ordered. Bloomingdale's, Inc. terminated. (Signed by Judge Andrew L. Carter, Jr on 2/10/2021) (js) (Entered: 02/10/2021) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 09/15/2023 15:47:38 |

| PACER Login: | mmendoz2 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:20-cv-06271-ALC-OTW |
| Billable Pages: | 3 | Cost: | 0.30 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No.
ALLA BERSHADSKAYA,

                Plaintiff,

        - against -                      **COMPLAINT**

BLOOMINGDALE'S, INC.                 PLAINTIFF DEMANDS
                Defendants.             A TRIAL BY JURY
------------------------------------------------------------------X

        Plaintiff Alla Bershadskaya, by and through her attorneys, Nisar Law Group, P.C., hereby complains of Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendant unlawfully interfering with and/or retaliating against her because she **exercised and/or attempted to exercise her rights under the FMLA.**

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 2617, 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### PARTIES

4. At all times relevant, Plaintiff Alla Bershadskaya ("Plaintiff") was and is a resident of the State of New York and Kings County.

5. At all times relevant, Defendant BLOOMINGDALE'S, INC. ("Defendant") was and is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of Ohio, and owns, operates, and/or maintains numerous retail locations in New York

City.

6. Upon information and belief, at all times relevant, Defendant employed fifty (50) or more employees within a seventy-five (75) mile-radius of the primary location where Plaintiff worked.

7. The FMLA defines an "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer." 29 U.S.C. 26114(A)(ii)(i).

## MATERIAL FACTS

8. Plaintiff began working for Defendant in 2005. Throughout the entirety of her employment, she worked at Bloomingdale's flagship New York City store located at 160 East 60th Street, New York, NY 10022. Notably, as of 2019, Plaintiff held the position of sales associate (handbag department).

9. Insofar as is relevant, around December 2018, Plaintiff took a leave of absence for injuries resulting from a broken leg. At this time, she worked at or near a full-time schedule. Defendant approved of this leave of absence.

10. In or around the end of May/ early June 2019, Plaintiff returned to work part-time, working around 20 hours per week. She had consistently requested to be given more hours.

11. That summer, Plaintiff learned that her mother had been diagnosed with breast cancer and that she (the mother) also needed to have a valve replaced in her heart. Accordingly, Plaintiff began navigating the process of requesting future FMLA leave, preparing paperwork for New York's Paid Family Leave, as well as completing the forms for Defendant's internal leave of absence.

12. To this end, Plaintiff initially submitted FMLA paperwork on or about August 2, 2019,

BLM001197

and informed her supervisor that an actual start date was fluid given her mother's conditions. Further, in her paperwork she clarified that the leave sought would be intermittent. And while her paperwork was being processed, she continued working per her normal schedule.

13. Shortly after submitting her FMLA paperwork, Plaintiff received a document from Defendant advising her that she was not eligible for FMLA leave; this document stated, in relevant part: "You have not met the FMLA's 1,250-hours-worked requirement."

14. Nevertheless, Plaintiff alerted her supervisor that the leave she sought would be *for the future* and not to start immediately. She was also advised to continue filling out Defendant's paperwork requesting future leave (which she did) which included submission of materials by Plaintiff's mother's physician (to wit—a person named Dr. Deborah Axelrod). Significantly, in this paperwork, Dr. Axelrod wrote that the "probable duration of [the mother's] condition" was "[t]o be determined," and stated that the mother needed surgery without providing a date certain for that procedure. The paperwork also clarified that "[the mother] is receiving neoadjuvent medication and will proceed with breast surgery when advisable." The foregoing evinced the future need for leave without necessarily knowing the precise date of commencement of said leave.

15. On or about August 29, 2019, Plaintiff received a document from Defendant informing her that her application materials for leave of absence were incomplete. The document listed a number of reasons, including the need for the "Number of times per month and estimated hours and/or days per each appointment and/or flare-up episode," and that "Leave must say the exact beginning and ending dates[; it] cannot say 'to be determined.'" Nevertheless, the document also stated that Plaintiff's leave of absence request "will be processed as a pending leave."

BLM001198

16. Plaintiff understood this letter to mean that because her leave request had been processed as a "pending leave," Defendant ultimately approved her request subject to her supplementing her application materials with information once it became known.

17. Plaintiff intended to supplement these materials with the requested information once it became known to her. However, on August 31, 2019, Plaintiff arrived to work as usual. Shortly after arriving, she was ushered to a conference room upstairs where she was told her employment was terminated and that that day would be her last.

18. Plaintiff would have become eligible for FMLA as she had been employed by Defendant for at least twelve (12) months and would have accumulated 1,250 hours in order to qualify in due course (and which Defendant knew).

19. Furthermore, Defendant terminated Plaintiff's employment despite her being granted "pending leave," and while Plaintiff was supplementing her FMLA paperwork. Also, despite Plaintiff having had alleged performance deficiencies in the past, her work performance at the time of her employment termination was no better or worse than it had been at any other point in her employment. Thus, under the circumstances, Defendant interfered with Plaintiff taking future FMLA leave and/or her employment was terminated, at least in part, in retaliation for her seeking future FMLA leave.

20. Plaintiff's rights have been interfered with, and/or she was retaliated against expressing her rights under the FMLA by requesting to take future leave.

21. But for Plaintiff seeking future FMLA leave, her employment would not have been terminated.

22. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

23. As a result of Defendant's discriminatory treatment of Plaintiff, she has suffered loss of wages.

BLM001199

24. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, and other non-pecuniary losses.

## AS A FIRST CAUSE OF ACTION
## FOR INTERFERENCE AND/ OR RETALIATION UNDER
## THE FAMILY AND MECIAL LEAVE ACT

25. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

26. Section 2612(a)(1)(C) of the Family and Medical Leave Act, states, in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … In order to care for the … parent, of the employee, if such … parent has a serious health condition."

27. Section 2615(a) of the Family and Medical Leave Act, states in pertinent part: "Interference with rights. (I) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

28. Plaintiff suffered unlawful treatment at the hands of Defendant due to it interfering with and/or retaliating against Plaintiff for exercising her rights under the FMLA.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the

Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, in that Defendant interfered with and/or retaliated against Plaintiff for requesting FMLA leave;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

D. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
August 10, 2020

NISAR LAW GROUP, P.C.

By: _____
Casimir Wolnowski, Esq.
*Attorneys for Plaintiff*
570 Lexington Ave., 16th Floor
New York, New York 10022
Ph: (646) 449-7210
Fax: (877) 720-0514
Email: cwolnowski@nisarlaw.com

BLM001201