# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KRISTINA MIKHAYLOVA,

                    Plaintiff,

      -against-

BLOOMINGDALE'S, INC., BLOOMINGDALE'S
INC. d/b/a BLOOMINGDALE'S AND FORTY
CARROTS, BLOOMINGDALE'S, LLC,
BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S
NEW YORK, MACY'S INC., MACY'S, INC. d/b/a
MACY'S OF NEW YORK, UNITED
STOREWORKERS RETAIL, WHOLESALE AND
DEPARTMENT STORE UNION AFL-CIO LOCAL 3
a/k/a LOCAL 3 UNITED STOREWORKERS
RWDSU/UFCW, CHRISTOPHER CASTELLINI,
individually, and RICHARD LAW, individually,

                    Defendants.
-----------------------------------------------------------------X

Civil Case No. 19-cv-08927 (GDB)

**PLAINTIFF'S RESPONSE TO DEFENDANT BLOOMINGDALE, LLC'S REQUEST FOR ADMISSION**

       KRISTINA MIKHAYLOVA ("MIKHAYLOVA" or "Plaintiff"), by and through Plaintiff's

attorneys, Derek Smith Law Group, PLLC, in accordance with Rule 26, 34 and 36 of the Federal

Rules of Civil Procedure as well as the Local Civil Rules of the United States District Courts for

the Southern District of New York, hereby submits Plaintiff's Responses and Objections to

Defendants, Bloomingdale, LLC's Request for Admission, as follows:

## I.   RESERVATION OF RIGHTS

   These responses and objections are based upon Plaintiff's knowledge at the present time.

Plaintiff will supplement or amend these responses in the event that she discovers additional

information that requires such supplementation or amendment under the applicable rules; up to

and including the time of trial. Should Plaintiff at any time supplement or amend her response to

any request, by agreement or otherwise, Plaintiff reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

Furthermore, Plaintiff's responses are made subject to Plaintiff's right to object to the admission in evidence thereof, on the grounds that such responses, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible.

## II.  GENERAL OBJECTIONS

1.  Plaintiff objects to Defendant's Request for Admission on the grounds that they seek protected work product; attorney-client communications; legal advice; trial preparation materials; communications made and materials prepared in anticipation of litigation; identification of documents prepared after the commencement of this litigation; or communications protected by the attorney-client privilege or any other applicable privilege.

2.  Plaintiff objects to Defendant's Request for Admission on the grounds that they purport to require discovery beyond that permitted by the applicable rules and on the grounds that, in certain instances, they are neither relevant to the claims and/or defenses in this action nor likely to lead to the discovery of admissible evidence.

3.  Plaintiff objects to Defendant's Request for Admission on the grounds that they do not identify, with reasonable particularity, the admission sought therein. Plaintiff has responded to each of the individual requests as she understands and reasonably interprets them. Certain requests, however, are vague and ambiguous. Plaintiff reserves the right to amend or supplement these responses in the event that Plaintiff later asserts a different interpretation.

4.  Plaintiff objects to Defendant's Request for Admission on the grounds that they are overly broad, and are therefore unduly burdensome and incommensurate with Defendant's legitimate

discovery needs. Furthermore, Plaintiff objects on the grounds that Defendant's Request for Admission is redundant.

5.  Plaintiff objects to Defendant's Request for Admission on the grounds that they call for information and/or documents not within her possession, custody, or control.

6.  Plaintiff objects to Defendant's Request for Admission on the grounds that the information requested therein is equally, if not more, accessible to Defendant.

7.  Plaintiff objects to Defendant's Request for Information on the grounds that the requests are not limited in time. Plaintiff also objects to such requests on the grounds that they seek information without specifying a time period, on the grounds that they are overly broad and unduly burdensome in that they seek information not reasonably calculated to lead to the discovery of admissible evidence.

8.  Each and every response to a request is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular request is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## III. RESPONSES AND SPECIFIC OBJECTIONS TO DEFENDANT'S REQUEST FOR ADMISSION

1.  Admit that you were employed by Bloomingdale's LLC (formerly Bloomingdale's, Inc.).

    **RESPONSE**: Admit.

2.  Admit that you began working for Bloomingdale's in May 2016.

    **RESPONSE**: Plaintiff objects to this demand as duplicative. See response to Demand No. 3, below.

3. Admit that you began working for Bloomingdale's on May 3, 2016.

   **<u>RESPONSE</u>**: Admit.

4. Admit that you were discharged from Bloomingdale's employment as of June 16, 2017.

   **<u>RESPONSE</u>**: Admit.

5. Admit that you worked at the 59th Street Bloomingdale's location during your employment.

   **<u>RESPONSE</u>**: Admit.

6. Admit that you worked in the Chanel handbags department during your employment.

   **<u>RESPONSE</u>**: Admit.

7. Admit that Cathy Younis was your supervisor when you first began working at in the Chanel handbag department at Bloomingdale's 59th Street location.

   **<u>RESPONSE</u>**: Admit.

8. Admit that in December 2016, Denis Diaz became your supervisor in the Chanel handbag department at Bloomingdale's 59th Street location.

   **<u>RESPONSE</u>**: Admit.

9. Admit that Denis Diaz was your supervisor in the Chanel handbag department at Bloomingdale's 59th Street location until your termination in June 2017.

   **<u>RESPONSE</u>**: Admit.

10. Admit that when you began working in the Chanel handbag department, you were informed that there were limits as to the number of handbags you could purchase in a year.

    **<u>RESPONSE</u>**: Deny except admit that any policy regarding the number of handbags an employee could purchase in a year also stated that the number of annual handbag purchases could be exceeded, with a manager's approval.

11. Admit that when you began working in the Chanel handbag department, you were informed that there were limits of the number of handbags you could purchase in a month.

    **RESPONSE**: Deny except admit that any policy regarding the number of handbags an employee could purchase in a month also stated that the number of monthly handbag purchases could be exceeded, with a manager's approval.

12. Admit that the signature on the document produced by Bloomingdale's with bates-number BLM000298 is your signature.

    **RESPONSE**: Admit.

13. Admit that the document produced by Bloomingdale's with bates-numbers BLM000379-380 is a policy that you were expected to follow during your employment with Bloomingdale's.

    **RESPONSE**: Deny.

14. Admit that the document produced by Bloomingdale's with bates-number BLM000343-346 is a Attendance and Punctuality Formal Reminder form discussed with you on April 19, 2017.

    **RESPONSE**: Admit.

15. Admit that you signed the document produced by Bloomingdale's with bates-number BLM000344 on the line next to your handwritten name.

    **RESPONSE**: Admit.

16. Admit that the document produced by Bloomingdale's with bates-number BLM000348-350 is a Counseling Summary Form discussed with you on February 21, 2017.

    **RESPONSE**: Admit.

17. Admit that you signed the document produced by Bloomingdale's with bates-number BLM000348 on the line next to your handwritten name.

    **RESPONSE**: Admit.

18. Admit that your employment was terminated after an interview with Asset Protection.

**RESPONSE**: Plaintiff objects to this demand as it is vague and unduly burdensome as it requests information that is equally accessible to the Defendants. Subject to and without waiving the foregoing objections, Plaintiff denies the foregoing except admits that she was interviewed by Asset Protection.

19. Admit that Asset Protection employee Christopher Castellani, interviewed you on June 6, 2017.

**RESPONSE**: Admit.

20. Admit that during the interview with Asset Protection employee, Christopher Castellani, on June 6, 2017 you admitted to mailing Chanel handbags out of state to relatives to avoid sales tax.

**RESPONSE**: Deny except admit that during the June 6, 2017 interview with Christopher Castellani, at which Plaintiff was not afforded union and/or legal representation, Mr. Castellani did demand that Plaintiff agree to mailing Chanel handbags out of state to relatives to avoid sales tax.

21. Admit that the document produced by Bloomingdale's with bates-number BLM000888 is a true and accurate copy of your handwritten statement that you made at the end of the Asset Protection interview on June 6, 2017.

**RESPONSE**: Deny except admit that during the June 6, 2017 interview with Christopher Castellani, at which Plaintiff was not afforded union and/or legal representation, Mr. Castellani did demand that Plaintiff agree to drafting said statement.

22. Admit that the signature on the document produced by Bloomingdale's with bates-number BLM000889 is your signature from June 6, 2017.

**RESPONSE**: Deny except admit that during the June 6, 2017 interview with Christopher Castellani, at which Plaintiff was not afforded union and/or legal representation, Mr. Castellani did demand that Plaintiff agree to sign said statement.

23. Admit that because you sent your handbags out of state, you avoided paying sales tax of over $5,856.

    **RESPONSE**: Plaintiff is without knowledge or information sufficient to form a belief as to the statement made in the above demand.

24. Admit that your actions taken to avoid sales tax was a violation of Bloomingdale's policy.

    **RESPONSE**: Deny.

25. Admit that your actions taken to avoid sales tax was a violation of the law.

    **RESPONSE**: Plaintiff is without knowledge or information sufficient to form a belief as to the statement made in the above demand.

26. Admit that you sent packages containing Chanel handbags to Chumo Mikhaylova, 373 South Willow St., c/o Polgrains Pan America, Manchester, NH 03103.

    **RESPONSE**: Deny except admit that Chumo Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

27. Admit that you sent packages containing Chanel handbags to Sophia Mikhaylova, 373 S. Willow St., D1-1, Unit 204, Manchester, NH 03103.

    **RESPONSE**: Deny except admit that Sophia Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

28. Admit that you sent packages containing Chanel handbags to Chumo Mikhaylova, 373 S. Willow St., Unit 320, Polagranis Pan America, Manchester, NH 03103.

**RESPONSE**: Deny except admit that Chumo Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

29. Admit that you sent packages containing Chanel handbags to Yuyu Lai, 373 S. Willow St., D1-1, Unit 204, Manchester, NH 03103.

**RESPONSE**: Deny except admit that Yuyu Lai did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

30. Admit that you sent packages containing Chanel handbags to Chumo Mikhaylova, 373 S. Willow St., D1-1, PMB/#330, Manchester, NH 03103.

**RESPONSE**: Deny except admit that Chumo Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

31. Admit that you sent packages containing Chanel handbags to Polagrainspan American, 373 S. Willow St., D1-1, PMB/#330, Manchester, NH 03103.

**RESPONSE**: Deny.

32. Admit that you sent packages containing Chanel handbags to Kristina Mikhaylova, 373 South Willow St., D1-1, PMB/#330, Manchester, NH 03103.

**RESPONSE**: Deny except admit that Christina Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

33. Admit that you sent packages containing Chanel handbags to Kristina Polagrains Pan, 373 South Willow St., D1-1, PMB/#330, Manchester, NH 03103.

**RESPONSE**: Deny except admit that Christina (last name currently unkown) did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

34. Admit that you sent packages containing Chanel handbags to Kristina Mikhaylova, 4605 Woodfield St., Vancleave, MS 39565.

**RESPONSE**: Deny except admit that Christina Mikhaylova did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

35. Admit that you sent packages containing Chanel handbags to Kristina Polagrainspanamerica, 373 South Willow St., Apt. D1, PMB 330, Manchester, NH 03103.

   **RESPONSE**: Deny except admit that Christina (last name currently unkown) did receive Chanel merchandise from Plaintiff, as a gift, for which Plaintiff did not receive any payment.

36. Admit that 373 S. Willow St., Manchester, NH is not a residence address.

   **RESPONSE**: Plaintiff is without knowledge or information sufficient to form a belief as to the statement made in the above demand.

37. Admit that the Chanel handbags you sent out of state were sent to a reseller.

   **RESPONSE**: Deny.

38. Admit that the Chanel handbags you sent out of state were part of a diversion scheme in which you sent the merchandise to a reseller.

   **RESPONSE**: Deny.

39. Admit that you rang purchases for Chanel co-workers in which the merchandise was sent to the 373 S. Willow, Manchester, NH address.

   **RESPONSE**: Deny except admit that co-workers requested Plaintiff use 373 S. Willow St., Manchester, NH as the shipping address for some of their purchases.

40. Admit that you had the highest amount of fraudulent credit card sales of any employee in the Bloomingdale's organization in 2017.

   **RESPONSE**: Plaintiff denies having performed any fraudulent credit card sales as an employee in the Bloomingdale's organization. However, to the extent any purchases were later determined to be fraudulent credit card sales, Plaintiff was not made aware of same. Moreover,

Plaintiff is without knowledge or information sufficient to form a belief as to whether the amount of any subsequently identified fraudulent credit card sales, of which Plaintiff was never made aware of, constitutes the highest amount for the Bloomingdale's organization in 2017.

41. Admit that you rang over $90,000 of fraudulent sales in January and February of 2017.

    **RESPONSE**: Deny except admit that in or about January and February of 2017 Plaintiff did report potential suspicious customer purchase activity to Loss Prevention.

42. Admit that you had the highest amount of fraudulent send purchases in all of the Macy's company organization in 2017.

    **RESPONSE**: Plaintiff denies having performed any fraudulent send purchases as an employee in the Bloomingdale's organization. However, to the extent any purchases were later determined to be fraudulent, Plaintiff was not made aware of same. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to whether the amount of any subsequently identified fraudulent send purchases, of which Plaintiff was never made aware of, constitutes the highest amount for the Macy's company in 2017.

43. Admit that Asset Protection conducted an investigation into fraudulent transactions in the Chanel handbag department.

    **RESPONSE**: Plaintiff objects to this demand as vague with respect to time and scope.

44. Admit that there was over $1 million in fraud at the Chanel handbag department in 2016-17.

    **RESPONSE**: Plaintiff is without knowledge or information sufficient to form a belief as to the statement made in the above demand.

45. Admit that you rang purchases on compromised credit cards for co-workers who were let go for their involvement in the fraud scheme.

**RESPONSE**: Plaintiff is without knowledge or information sufficient to form a belief as to whether any co-workers used compromised credit cards to make purchases with her. Plaintiff admits that she is aware of co-workers being terminated for their involvement in a fraud scheme.

46. Admit that you recruited co-workers to participate in the diversion scheme in which you were participating.

**RESPONSE**: Deny as Plaintiff was neither involved in a diversion scheme nor did Plaintiff recruit anyone to participate in a diversion scheme.

47. Admit that you still received an employee discount on Chanel handbags after it became a leased department.

**RESPONSE**: Deny.

48. Admit that your employee number while at Bloomingdale's was 72061886.

**RESPONSE**: Admit.

49. Admit that the diverter to whom you mailed the merchandise in New Hampshire paid you more for the merchandise than you paid at Bloomingdale's for it.

**RESPONSE**: Deny as Plaintiff did neither mailed any merchandise to a diverter nor did Plaintiff receive any money for the merchandise mailed to New Hampshire.

50. Admit that selling to a known diverter is a violation of Bloomingdale's policy.

**RESPONSE**: Admit.

51. Admit that Bloomingdale's policy is to terminate employees who sell to a known diverter.

**RESPONSE**: Admit.

Dated:  New York, New York
        June 25, 2021

                                        **DEREK SMITH LAW GROUP, PLLC**
                                        *Attorneys for Plaintiff*

                                        _____
                                        Zachary Tortora, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, NY 10119
                                        (212) 587-0760

TO: **<u>Via Email</u>**

        Steven Gerber, Esq.
        sgerber@schoeman.com
        SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
        *Attorneys for Defendants*
        551 Fifth Avenue, 12th Floor
        New York, New York 10017

        Betty Thorne Tierney, Esq.
        Betty.tierney@macys.com
        BLOOMINDALE'S, INC. LAW DEPARTMENT
        *Attorneys for Defendants*
        11477 Olde Cabin Rd., Suite 400
        Creve Coeur, Missouri 63141