# EXHIBIT 15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KRISTINA MIKHAYLOVA, | Civil Action No.: 1:19-cv-08927-GDB |
| *Plaintiff,* | |
| v. | **DEFENDANT BLOOMINGDALE, LLC AND MACY'S, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF DOCUMENT DEMANDS** |
| BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, CHRISTOPHER CASTELLANI, individually, and RICHARD LAW, individually, | |
| *Defendants.* | |

---

**RESERVATION OF RIGHTS**

Defendants, Bloomingdale's, LLC (formerly Bloomingdale's, Inc.) and Macy's, Inc. (hereinafter "Defendants") provide their objections and responses to these Requests for Production subject to and with the reservation of its right to object to the admission into evidence of any of the responses submitted herewith on the grounds that they are irrelevant to the issues in this action or otherwise inadmissible.

Moreover, these responses are given at a point in time during which discovery has just begun and is still in progress. Defendants' responses are based solely on their current knowledge,

1

understanding, and belief as to the facts and information presently known to them from the investigation and analysis it has been able to conduct to date. As a result, Defendants' responses only reflect the current state of its knowledge, understanding, and belief respecting the matters about which inquiry is made.

Defendants' investigation and discovery are ongoing. Defendants, therefore, reserve the right to rely, in further proceedings, including at trial, on (i) subsequently discovered evidence, information, facts, documents or witnesses, (ii) additional evidence, information, facts, documents or witnesses omitted from or inconsistent with these responses in good faith, either as a result of mistake, error, or oversight, or as a result of Defendants' inability to locate, collect, and analyze all potentially responsive information within the time permitted, or as a result of the development of new legal theories, understandings, or arguments based on further discovery, investigation, and analysis.

## **GENERAL OBJECTIONS**

Defendants' response to each Request for Production is subject to the General Objections set forth herein. Defendants incorporate each of these general objections into its specific responses to the Requests for Production below.

The General Objections may be referenced specifically in response to certain Requests for Production for the purpose of clarity; however, the failure specifically to incorporate a General Objection should not be construed as a waiver of the objection.

1. Defendants object to each and every Request for Production to the extent it seeks information protected from disclosure by various privileges, including but not limited to the attorney-client privilege, attorney work-product doctrines, trade secret, and any other applicable statutory, common law, or constitutional privileges. Any disclosure of any such privileged or

protected information in response to any Request for Production is inadvertent and not intended to waive those privileges and protections, and nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege, or any other applicable privileges, immunities or exceptions. Defendants hereby claim such privileges and protections to the extent implicated by each Request for Production and exclude privileged or protected information from their responses.

  2. Defendants object to each and every Request for Production to the extent each such Request for Production is overly broad, unduly burdensome and oppressive, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. The Requests for Production seeking large amounts of information with no discernible connection to the pending matter are objectionable inasmuch as the cost in time and money to produce such information is not proportional to the needs of the case and thus, the discovery is not warranted or appropriate.

  3. Defendants object to each and every Request for Production to the extent it is vague and ambiguous, in that the manner in which specific Requests for Production are phrased create confusion given the issues involved in the litigation.

  4. Defendants object to each Request for Production insofar as it seeks information beyond the scope of discovery appropriate to this case, on the grounds that such discovery Requests for Production are overly broad and unduly burdensome and do not seek information that is either relevant to this case or calculated to lead to the discovery of relevant information.

  5. Defendants object to each Request for Production insofar as it seeks information related to employees and/or individuals other than the Plaintiff. Such invasive Requests for Production are overly broad and unduly burdensome, and do not seek information that is either

relevant to the claims and defenses at issue in this case or calculated to lead to the discovery of admissible evidence. Further, such Requests for Production violate the employee's reasonable expectation of privacy as to personal, private and/or confidential information.

6. Plaintiff was employed by Bloomingdale's, LLC and not by Macy's, Inc. Macy's, Inc. has no responsive documents about Plaintiff. Any documents submitted herein were submitted by Bloomingdale's, LLC.

The following responses are subject to all objections if such statements are offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time.

## DOCUMENTS REQUESTED

1. All documents relating to, discussing or referencing what triggers an investigation into an employee's purchasing history (or what may be more commonly known as a "suspicious pattern of activity") on their Macy's or Bloomingdale's credit card.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. By way of further objection, this Request is not relevant to the claims and defenses in the pending action. Subject to those objections, and without waiving them, any investigation that was conducted by Bloomingdale's Asset Protection team to determine if there was a violation of the discount policy was based on the content of the discount policy itself. The determination by Asset Protection in 2017 as to which employees should be investigated was on a case-by-case basis. The documents signed by Plaintiff when she was hired contain the discount policy at the time of her employment. Additional documents related to the discount policy are produced herewith.

2. All documents relating to, discussing or referencing what constitutes a "suspicious pattern of activity" on an employee's Macy's or Bloomingdale's credit card.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. By way of further objection, this Request is not relevant to the claims and defenses in the pending action. Subject to those objections, and without waiving them, there are no Bloomingdale's documents responsive to this Request. However, "suspicious patterns of activity" is defined in the Bank Secrecy Act and its implementing regulations.

3. All documents relating to, discussing or referencing what disciplinary actions can be taken against an employee who is found to have engaged in a "suspicious pattern of activity" on their Macy's or Bloomingdale's credit card.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. Subject to those objections, and without waiving them, Defendants note that Human Resources determines actions to take if there are policy violations. However, there are no responsive documents related to what can be done as far as disciplinary action for having suspicious activity on the employee's Bloomingdale's card. Policies that employees are required to follow can be found in the employee handbooks, Code of Conduct and in some of the documents signed at the beginning of employment and maintained in the Plaintiff's personnel file that have already been produced. Ultimately, the discipline that is taken is based on the facts of a specific situation based on the policies broken. Emails related to Plaintiff's termination – which have

5

already been produced – relate to this issue. The discount policy has also been produced along with additional documents produced herewith.

4.     All documents relating to, discussing or referencing how Defendants and/or Macy's Credit and Customer Service, Inc. ("MCCS") investigate whether employees' purchases on their Macy's or Bloomingdale's credit card are purchases made for the employee and/or are purchases given as gifts without receiving reimbursement.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. The Request also improperly seeks information from an entity not a party to the present action. Finally, this Request is not relevant to the claims and defenses in the pending action. Subject to those objections, and without waiving them, there are no responsive documents in Defendants control related to this Request. However, the documents related to the investigation into Plaintiff's behavior are indicative of what happens in such an investigation by Asset Protection.

5. A list of all employees investigated for a "suspicious pattern of activity" on their Macy's or Bloomingdale's credit card within the last five (5) years.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. By way of further objection, this Request is not relevant to the claims and defenses in the pending action, nor is it proportional to the needs of this case. Subject to those objections, and without waiving them, any investigation that was conducted by Bloomingdale's Asset Protection

team to determine if there was a violation of the discount policy is based on the discount policy itself. The determination by Asset Protection in 2017 was on a case-by-case basis. There was not a list maintained of the persons who were investigated for conduct of this nature. However, Defendants have already produced the investigative files related to the fraud investigation on the Chanel counter in 2017 – including the files of others on the counter whose conduct implicated the Plaintiff.

6. For each individual identified in response to Demand No. 4, provide a complete copy of the investigation file created by Defendants and/or MCCS in connection with the investigation; including, but not limited to: all communications between Defendants and MCCS regarding the investigation; all communications between Defendants and the employee regarding the investigation; all communications between MCCS and the employee regarding the investigation; all communications between Defendants and any Union representatives regarding the investigation; the outcome of each investigation; any appeals made by the employee in connection with the investigation; and the credit card records used as the basis for the investigation.

**RESPONSE**

Defendants object in that there were no individuals requested in Request No. 4. To the extent Plaintiff actually means Request No. 5, Defendants refer Plaintiff to that response.

7. A complete copy of all Chanel Handbag Sales Associates' credit card statements for their Macy's or Bloomingdale's credit card for the last five (5) years.

**RESPONSE**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and vague. By way of further objection, this Request is not relevant to the claims and defenses in the pending action, nor is it proportional to the needs of this case. Subject to those objections, and without waiving them, Defendants cannot produce the documents sought as they are not within their custody or control. Credit card statements are under the custody and control of the financial institution(s) that issued the accounts and are subject to financial privacy and other regulations.

    /s/ Steven Gerber
Steven Gerber
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue
12th Floor
New York, New York 10017
Telephone: (973) 256-9000
Email: sgerber@schoeman.com

    -and-

    /s/ Betty Thorne Tierney
Betty Thorne Tierney (admitted *Pro Hac Vice*)
BLOOMINGDALE'S, INC. LAW DEPARTMENT
11477 Olde Cabin Rd., Suite 400
Creve Coeur, Missouri 63141
Telephone: (314) 342-6728
Email: betty.tierney@macys.com

*Attorneys for Defendants, Macy's, Inc., Bloomingdale's, Inc., Bloomingdale's, LLC, Christopher Castellani*

Dated: May 20, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be served via e-mail a true and correct copy of Defendant Bloomingdale's, LLC and Macy's, Inc.'s Responses to Plaintiff's Second Set of Document Demands, on:

> Zachary T. Tortora, Esq.
> Derek Smith Law Group PLLC
> 1 Penn Plaza, Suite 4905
> Email: zacktortora@dereksmithlaw.com

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

> */s/Betty Thorne Tierney*
> Betty Thorne Tierney

Dated: May 20, 2021