# EXHIBIT 16

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>     *Plaintiff,*<br>v.<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually,<br><br>     *Defendants.* | Civil Action No. 1:19-cv-08927-GDB<br><br>**DEFENDANTS BLOOMINGDALE'S, LLC AND MACY'S, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS** |

## RESERVATION OF RIGHTS

Defendants, Bloomingdale's, LLC (formerly Bloomingdale's, Inc.) and Macy's, Inc. (hereinafter "Defendants") provide their objections and responses to these Requests for Production subject to and with the reservation of its right to object to the admission into evidence of any of the responses submitted herewith on the grounds that they are irrelevant to the issues in this action or otherwise inadmissible.

Moreover, these responses are given at a point in time during which discovery has just begun and is still in progress. Defendants' responses are based solely on their current knowledge, understanding, and belief as to the facts and information presently known to them from the investigation and analysis it has been able to conduct to date. As a result, Defendants' responses

1

only reflect the current state of its knowledge, understanding, and belief respecting the matters about which inquiry is made.

Defendants' investigation and discovery are ongoing. Defendants, therefore, reserve the right to rely, in further proceedings, including at trial, on (i) subsequently discovered evidence, information, facts, documents or witnesses, (ii) additional evidence, information, facts, documents or witnesses omitted from or inconsistent with these responses in good faith, either as a result of mistake, error, or oversight, or as a result of Defendants' inability to locate, collect, and analyze all potentially responsive information within the time permitted, or as a result of the development of new legal theories, understandings, or arguments based on further discovery, investigation, and analysis.

## **GENERAL OBJECTIONS**

Defendants' response to each Request for Production is subject to the General Objections set forth herein. Defendants incorporate each of these general objections into its specific responses to the Requests for Production below.

The General Objections may be referenced specifically in response to certain Requests for Production for the purpose of clarity; however, the failure specifically to incorporate a General Objection should not be construed as a waiver of the objection.

1. Defendants object to each and every Request for Production to the extent it seeks information protected from disclosure by various privileges, including but not limited to the attorney-client privilege, attorney work-product doctrines, trade secret, and any other applicable statutory, common law, or constitutional privileges. Any disclosure of any such privileged or protected information in response to any Request for Production is inadvertent and not intended to waive those privileges and protections, and nothing contained in these objections is intended as,

or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege, or any other applicable privileges, immunities or exceptions. Defendants hereby claim such privileges and protections to the extent implicated by each Request for Production and exclude privileged or protected information from their responses.

2. Defendants object to each and every Request for Production to the extent each such Request for Production is disproportionate to the needs of the case, overly broad, unduly burdensome and oppressive, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. The Requests for Production seeking large amounts of information with no discernible connection to the pending matter are objectionable inasmuch as the cost in time and money to produce such information is not proportional to the needs of the case and thus, the discovery is not warranted or appropriate.

3. Defendants object to each and every Request for Production to the extent it is vague and ambiguous, in that the manner in which specific Requests for Production are phrased create confusion given the issues involved in the litigation.

4. Defendants object to each Request for Production insofar as it seeks information beyond the scope of discovery appropriate to this case, on the grounds that such discovery Requests for Production are overly broad and unduly burdensome and do not seek information that is either relevant to this case or calculated to lead to the discovery of relevant information.

5. Defendants object to each Request for Production insofar as it seeks information related to employees and/or individuals other than the Plaintiff. Such invasive Requests for Production are overly broad and unduly burdensome, and do not seek information that is either relevant to the claims and defenses at issue in this case or calculated to lead to the discovery of

admissible evidence. Further, such Requests for Production violate the employee's reasonable expectation of privacy as to personal, private and/or confidential information.

6. Plaintiff was employed by Bloomingdale's, LLC and not by Macy's, Inc. Macy's, Inc. has no responsive documents about Plaintiff. All documents submitted pursuant to these responses (and previously provided in accordance with the Court's Pilot Discovery Protocols for Counseled Employment Cases (the "Discovery Protocols")) were and are submitted by Bloomingdale's, LLC.

The following responses are subject to all objections if such statements are offered in court or arbitration, and all such objections are reserved and may be interposed at the time of trial or at any other time.

## DOCUMENTS REQUESTED

1. All documents identified or relied upon in answering each Interrogatory contained in Plaintiff's First Set of Interrogatories, or that refer to or reflect the information requested in those Interrogatories, other than documents produced in response to the Requests set forth below.

**RESPONSE**:
Defendants object to this Request on the grounds that it (and as identified in Defendants' responses to Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories")) is disproportionate, overly broad and seeks to invade the thought processes of counsel which are privileged. Subject to those objections, and without waving them, Defendants have produced the relevant documents of which it is aware that pertain to Plaintiff. If Defendants agree to produce any information or documents in response to the Interrogatories, the production of such is governed by the Defendants' Interrogatory response and as noted in such response(s), after the entry of an appropriate discovery confidentiality order, a proposed form of which Defendants will provide under separate cover.

2. Any and all documents in the possession or control of Defendants that relate or pertain to the Plaintiff's claims or Defendants' defenses in this action.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and seeks to invade the thought processes of counsel which are privileged. Subject to those objections, and without waving them, Defendants have produced the relevant documents of which it is aware that pertain to Plaintiff and her claims.

4

3. Copies of any and ALL emails and text messages, including personal emails of DEFENDANTS regarding Plaintiff.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and vague. The Request is also not reasonably limited in time. Subject to those objections, and without waving them, Defendants state that their email retention policy is only 60 days, and emails for employees who terminate, unless subject to a litigation hold at the time the employment relationship ends, are not preserved beyond the last date of employment. Even as to current employees, and employees at the time of Plaintiff's termination, emails are only preserved for 60 days absent a litigation hold. As this litigation was not served on the corporate Defendants until February 25, 2020, and the attorney demand letter was served on April 9, 2018, since the events leading to the Plaintiff's termination occurred in mid-June 2017, unless the custodian's email was on a hold from a previous matter, no emails would have been saved from the June 2017 time frame. While holds were placed after the demand letter was served, and again after the litigation was served, this would not have preserved emails that were sent more than 60 days previous. Despite the unlikelihood that any emails would be preserved based on the timing of the lawsuit and the service on Defendants, Defendants are searching for responsive documents containing any reference to Kristina Mikhaylova.

4. Copies of any and ALL emails and text messages, including personal emails of DEFENDANT RICHARD LAW regarding Plaintiff.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case overly broad and vague. The Request is also not reasonably limited in time. Subject to those objections, and without waving them, Defendants state that their email retention policy is only 60 days, and emails for employees who terminate, unless subject to a litigation hold at the time the employment relationship ends, are not preserved beyond the last date of employment. Since Richard Law resigned effective December 17, 2017, and his account was not subject to a litigation hold at the time he left Bloomingdale's employ, his emails have not been preserved as they were gone before notice of Plaintiff's claims were served in April 2018. While holds were placed after the demand letter was served, and again after the litigation was served, this would not have preserved emails that were sent more than 60 days previous. Despite the unlikelihood that any emails would be preserved based on the timing of the lawsuit and the service on Defendants, Defendants are searching for responsive documents containing any reference to Kristina Mikhaylova and that include Richard Law as a copied recipient.

5. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES OF PLAINTIFF including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against Plaintiff.

5

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant documents of which it is aware that pertain to Plaintiff. Defendants will supplement their production if additional information is discovered.

6.      The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES OF ELENOR DAHAN including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against ELENOR DAHAN.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

7.      The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of NEHEMIAH FALBER including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against NEHEMIAH FALBER.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

8.      The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of HENRI DERVORKIAN including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against HENRI DERVORKIAN.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope.

The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

9. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of SHIXI ZHANG including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against SHIXI ZHANG.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

10. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of SHIXI ZHANG including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against SHIXI ZHANG.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

11. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of FEIYA CAI including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against FEIYA CAI.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome.  It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

12. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of YAXUAN ZHANG including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other

7

contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against YAXUAN ZHANG.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

13. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES of JULIE TRUONG including but not limited to, monthly credit statements, employment application, resume, acknowledgments of receipt of employment handbook and other contemporaneous documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information, union affiliation and complaints made by or against JULIE TRUONG.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

14. The COMPLETE PERSONNEL, DISCIPLINARY, and INVESTIGATION FILES, including but not limited to monthly credit statements for any of Defendants' employees identified in Plaintiff's Interrogatory Request no. 15

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter.

15. The Plaintiff's COMPLETE SALARY AND WAGE RECORDS, payroll records, and W-2 forms for every year of Plaintiff's employment with Defendants.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant documents of which it is aware that pertain to Plaintiff's compensation.

16.     Any and all documents that relate or pertain to any WRITE-UPS, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning Plaintiff's work performance during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant documents of which it is aware that pertain to Plaintiff.

17.     Any and all PERSONNEL MANUALS, EMPLOYEE HANDBOOKS, benefits manuals and salary schedules and promotions which were and are in effect during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague in its reference to "salary schedules and promotions" and further is not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant employee handbooks, Code of Conduct and anti-discrimination policies which applied to Plaintiff.

18.     Any and all documents relating or pertaining to Defendants' policies or procedures regarding DISCRIMINATION AND RETALIATION, which were in effect during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant employee handbooks, Code of Conduct and anti-discrimination policies which applied to Plaintiff.

19.     Any and all documents relating or pertaining to Defendants' policies or procedures regarding PREGNANCY LEAVE AND/OR ACCOMODATIONS, including but not limited to maternity leave polices, which were in effect during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. Subject to those objections, and without waving them, Defendants have produced the relevant employee handbooks, Code of Conduct and anti-discrimination policies, including any specifically related to pregnancy which applied to Plaintiff.

20.     Any and all documents that relate or pertain to COMPLAINT(S), CHARGE(S), REPORT(S) GRIEVANCES OR ALLEGATION(S), internal or external, formal or informal, of disability discrimination, pregnancy discrimination, sex/gender discrimination, failure to accommodate, and/or retaliation, which were made by any person other than Plaintiff, against Defendants for the past ten years.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. The Interrogatory is also vague in its reference to "formal or informal" complaints. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, other than the pending action, none of the individuals initially named as a defendant in this action have been named in any other EEOC, state or local charge or lawsuit as a Defendant. Any lawsuits filed in New York City against Bloomingdale's are equally available to Plaintiff.

21.     Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S), GRIEVANCES OR ALLEGATION(S), internal, formal or informal complaints of disability, sex/gender discrimination, failure to accommodate, pregnancy discrimination, hostile work environment, and/or retaliation, which were made by other employees against any of the individual Defendants at any time during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. The Interrogatory is also vague in its reference to "formal or informal" complaints. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, other than the pending action, none of the individuals initially named as a defendant in this action have been named in any other charge or lawsuit as a Defendant. Any lawsuits filed in New York City against Bloomingdale's are equally available to Plaintiff.

22.     Any and all documents that relate or pertain to any and/or all of Defendants' EMPLOYEES who complained about disability discrimination, failure to accommodate, sex/gender discrimination, pregnancy discrimination and/or retaliation during the last seven years.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, Defendant will agree to produce copies of EEOC and state and local charges (to the extent Defendants have knowledge of such charges) or litigations brought by employees or former employees of Bloomingdale's 59th Street location in the last four (4) years for the topics referenced.

23.     Any and all documents that relate or pertain to COMPLAINT(S), CHARGE(S), REPORT(S), GRIEVANCES or allegation(s), internal, formal or informal, of sex/gender discrimination, sexual harassment, disability discrimination, failure to accommodate and/or retaliation, made by Plaintiff during the relevant time period.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, Defendant states that it has no responsive documents as it understands the Request. However, to the extent that Plaintiff had questions or concerns that she lodged, those would be set forth in the Sale Force documents which have already been produced.

24.     Any and all documents, (that have not already been produced) supplied to any state or federal agency by Defendants regarding Plaintiff's Complaint and/or Charge filed against Defendants. Any and all documents showing communications between Defendants and any City, State or Federal Official concerning Plaintiff, including position statements given to the EEOC, New York City Commission on Human Rights, or New York State Division of Human Rights.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, Defendant states that it has already produced the position statement with exhibits that Bloomingdale's submitted in this matter. Any additional materials are already in Plaintiff's possession or can be gathered from the Equal Employment Opportunity Commission.

25.     Any documents pertaining to the Defendant's investigation to any of Plaintiff's complaints of sex/gender discrimination, sexual harassment, disability discrimination, pregnancy discrimination, unlawful termination, and retaliation.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. The Request also seeks information subject to the attorney-client privilege and/or attorney work-product doctrine. Subject to those objections, and without waiving them, Defendant states that it has no responsive documents as Plaintiff made no such complaints during her employment. To the extent any such investigation occurred after her termination, such investigations were in response to her charge or lawsuit and conducted by counsel, and thus are privileged.

26. Any documents pertaining to Defendants' discussions and/or conversations with the Union regarding Plaintiff, including but not limited to, any and all emails, text messages, letters, and any other correspondence.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, and without waiving them, Defendants state that they have no responsive documents.

27. Any documents pertaining to the performance evaluations of any individuals identified in Defendants Response to Plaintiff's First Set of Interrogatories, including but not limited to, performance reviews, written warnings, reprimands, and complaints made by or against these individuals.

**RESPONSE**:
Defendants object to this Request on the grounds that it is overly disproportionate to the needs of the case, overly broad and unduly burdensome. It is also vague and not reasonably limited in time or scope. The Request also seeks confidential information related to a third-party that is not relevant to the claims and defenses in this matter. This Request is not proportional to the needs of the case.

28. Any and all documents, emails, correspondences regarding Defendants' handbag policies and/or procedures during the relevant time period to present.

**RESPONSE**:
Defendants will produce responsive documents of which they are aware.

29. Any and all documents, emails, correspondences regarding Defendants' discount policies and discount abuse policies and procedures during the relevant time period to present.

**RESPONSE**:
Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope. Subject to those objections, and without waiving them, Defendants state that they have already produced a copy of the discount policy signed by Plaintiff as part of its responses to the Discovery Protocols.

30. Any and all notes, videos, recordings of Plaintiff during the relevant time period, including but not limited her meetings with Defendants' employees.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. This Request is also not reasonably limited in time or scope. Subject to those objections, and without waiving them, Defendants have no responsive documents.

31.  Any and all documents pertaining to Defendants' decision to terminate Plaintiff.

**RESPONSE**:

Defendants have produced all responsive documents of which they are aware. This Request will be supplemented if additional documents are uncovered.

32.  Defendants to produce tax returns for the past three (3) years.

**RESPONSE**:

Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, premature, and currently not relevant to the claims or defenses in this matter. In addition, Macy's, Inc. is publicly traded and its consolidated tax returns are publicly available.

33.  Defendants to produce a financial affidavit in the form of a balance sheet listing each Defendant's assets and liabilities.

**RESPONSE**:

Defendants object to this Request on the grounds that it is disproportionate to the needs of the case, premature, and currently not relevant to the claims or defenses in this. In addition, Macy's, Inc. is publicly traded and its consolidated tax returns are publicly available. Additional disclosures related to the company finances are available from public filings with the SEC.

Dated: January 12, 2021                                   SCHOEMAN UPDIKE KAUFMAN
                                                          & GERBER LLP

                                                          By:  _/s/ Steven Gerber_____
                                                          Steven Gerber
                                                          551 Fifth Avenue
                                                          New York, New York 10017
                                                          Phone: (973) 256-9000
                                                          Fax: (973) 256-9001
                                                          E-Mail: sgerber@schoeman.com

                    MACY'S INC. LAW DEPARTMENT

By: */s/ Betty Thorne Tierney*
     Betty Thorne Tierney, Esq.
     11477 Olde Cabin Rd., Suite 400
     St. Louis, MO 63141
     Phone: (314) 342-6728
     Fax:    (314) 342-6452
     E-Mail: betty.tierney@macys.com

*Attorneys for Defendants, Macy's, Inc., Bloomingdale's, Inc., Bloomingdale's, LLC, Rosa Di Franco, April Dito, Alyssa Mirza and Mark Morrow*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the within and foregoing *Defendants Bloomingdale's, LLC and Macy's, Inc.'s Responses to Plaintiff's First Set of Document Demands* to be served upon the following counsel of record by electronic mail, this 12th day of January 2021:

>Melissa Mendoza, Esq.
>Derek Smith Law Group PLLC
>1 Penn Plaza, Suite 4905
>New York, NY 10119
>*Attorney for Plaintiff, Kristina Mikhaylova*

                                                                     */s/ Steven Gerber*
                                                                     Steven Gerber

Dated: January 12, 2021