# EXHIBIT 25

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA, *Plaintiff,* v. BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually, *Defendants.* | Civil Action No. 1:19-cv-08927-GDB |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S**
<u>**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**</u>

Defendants, Bloomingdales, LLC and Macy's, Inc. (hereinafter "Defendants"), by and through their undersigned counsel, hereby submit these objections to the topics set forth in Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

<u>**GENERAL OBJECTIONS**</u>

1. Defendants object generally to the Notice as overbroad and vague. Fed. R. Civ. P. 30(b)(6) requires the noticing party to "describe with reasonable particularity the matters for examination." *See Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) ("[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.").

2.	Defendants object generally to the Notice as many of the topics throughout the Notice exceed the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Indeed, most of the topics in the Notice are likely to be addressed by the percipient fact witness depositions. Therefore, the topics seek information that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," and are therefore not properly included in the Rule (30)(b)(6) notice. *See* Rule 26(b)(2)(C)(i).

To that end, the court in *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651 (D. Kan. 1996), granted Xerox's motion for a protective order where the plaintiff had served Xerox "with a Rule 30(b)(6) deposition notice requesting that Xerox produce a corporate witness to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims." *Id*. at 654. The court did not require Xerox to produce a witness in response to the notice, which sought legal conclusions and information that was otherwise discoverable through interrogatories and other means. *See also id.* ("Although we have no quarrel with CCS's contention that it has a right to discover the facts upon which Xerox will rely for its defense and counterclaims, CCS's attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable."). The same holds true for many of the topics to which this Objection is directed.

3.	Defendant objects to each topic within the Notice insofar as it seeks information not relevant to either party's claims or defenses in this case and therefore exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

4.	Defendant objects to each topic within the Notice insofar as it purports to seek information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Defendant incorporates its General Objections with regard to each topic as though full set forth therein.

## SPECIFIC OBJECTIONS

**Topic No. 1**:

Please produce a representative knowledgeable about the structure of Defendant BLOOMINGDALE'S and Defendant MACY'S human resources department including the names, educational background and prior employment of all the people who are in Defendant BLOOMINGDALE'S and Defendant MACY'S human resources department or that had any communication with Plaintiff regarding claims of discrimination, sexual harassment, or retaliation.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal or geographic scope. It would be impossible for Defendant to prepare a witness on the "names, educational background and prior employment" of all the people in Bloomingdale's and Macy's human resources department.

Moreover, the information sought is not relevant to the reason plaintiff was discharged from employment. Finally, Richard Law is the human resources executive who made the termination decision and he is no longer employed by Bloomingdale's. However, Plaintiff is subpoenaing him for deposition and he can attest to the requested information, and other information about which he has first-hand knowledge.

As for the portion of the request that relates to complaints by Plaintiff with human resources about discrimination, harassment or retaliation, Plaintiff testified in her deposition that she only told her supervisor, Denis Diaz, about the alleged harassment and he is not a member of human resources, nor is he still employed by the company. He too has been subpoenaed by Plaintiff and can then testify if he in fact spoke to Plaintiff about these issues, and if so, what actions he took thereafter. There is no evidence that Plaintiff ever complained to anyone in human resources about discrimination, harassment or retaliation, and those persons with whom Plaintiff dealt in human resources are no longer employed by Defendants.

**Topic No. 2**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S human resources procedures concerning employees that have been subjected to unlawful discrimination, sexual harassment, retaliation, and a hostile work environment.

3

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal or geographic scope. It is also not clear what is requested. It is assumed that this is actually a request for testimony about Defendants' policies on discrimination, sexual harassment, retaliation and a hostile work environment, and the investigation process Defendants undertake in those instances where complaints are lodged.

Reasonably limiting this topic, Defendants will prepare a witness to testify regarding: the EEO and anti-harassment policy during Plaintiff's employment and the actions human resources would take upon being informed of a claim relating to discrimination, sexual harassment, retaliation and a hostile work environment at that time.

**Topic No. 3**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S human resources training and continuing educations protocols.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal or geographic scope.

Moreover, the information sought is not relevant to the claims and defenses in the pending action. Finally, Richard Law is the human resources executive who made the termination decision and he is no longer employed by Bloomingdale's. However, Plaintiff is subpoenaing him for deposition and he can attest to the requested information, and other information about which he has first-hand knowledge. Additionally, the person who is presented as to Topic No. 2 will be prepared to testify to the training received by Bloomingdale's human resources staff and any requirements for continuing education.

**Topic No. 4**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S investigation into any and all complaints involving unlawful discrimination, harassment, or retaliation involving Plaintiff.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." Moreover, Richard Law is a human resources executive who was employed at the time of Plaintiff's termination. Plaintiff is subpoenaing him for deposition and he can attest to any investigation undertaken by human resources in response to a complaint, if any, by Plaintiff.

4

Additionally, Plaintiff testified that she only told her supervisor, Denis Diaz, about the alleged harassment and he is not a member of human resources, nor is he still employed by the company. He too has been subpoenaed by Plaintiff and can then testify if he in fact spoke to Plaintiff about these issues, and the actions he took if he was informed of such. Other than these two former employees, there is no one of which Bloomingdale's is aware who can address these issue as Bloomingdale's has no evidence such complaints were ever made.

**Topic No. 5**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S credit card.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal scope. It would be impossible for Defendants to prepare a witness on every aspect of its credit card. The topic is not properly framed to allow Defendants to present a witness. If Plaintiff can clarify or narrow the focus of the topic, Defendant will review and consider providing a witness on the aspects of its "credit card' that are relevant to the claims and defenses in the pending action.

**Topic No. 6**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S credit card and customer service.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal scope. It is also unclear what is sought. Macy's has a subsidiary named Macy's Credit and Customer Service, however, it would be impossible for Defendants to prepare a witness to testify on every aspect of this organization. The topic is not properly framed to allow Defendants to present a witness. If Plaintiff can clarify or narrow the focus of the topic, Defendant will review and consider providing a witness on the aspects of its "credit card and customer service" that are relevant to the claims and defenses in the pending action.

**Topic No. 7**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S investigations into credit card use by employees.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal scope. It is also unclear what is sought. Macy's has employees in its stores in its Asset Protection area who investigate improper use of credit cards by customers and employees as part of their loss prevention efforts in the store to which they are assigned. There are also employees in the Macy's Credit and Customer Service corporation who investigate improper use of credit cards by customers and employees across the organization. The topic is not properly framed to allow Defendants to present a witness. If Plaintiff can clarify or narrow the focus of the topic, Defendant will review and consider providing a witness on the clarified topic of investigations into "credit card use."

**Topic No. 8**:

Please produce a representative knowledgeable about Defendant BLOOMINGDALE'S and Defendant MACY'S investigations into discount abuse.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal scope. It is also unclear what is sought, and whether the testimony is related to Plaintiff or others. If inclusive of others, there is a further objection that the topic seeks information that is confidential and private to others who are not a part of the pending action.

Reasonably limiting this topic, Defendants will prepare a witness to testify regarding: the investigation into Plaintiff's discount abuse that led to her termination.

**Topic No. 9:**

Please produce a representative knowledgeable about Plaintiff's alleged improper transactions.

**OBJECTION**:

Defendants object to this topic as overly broad and vague, as it does not satisfy the requirement that topics for examination must be described with "reasonable particularity." The request is also not limited in temporal scope. It is also unclear what is sought, and what "improper transactions" are referenced.

Reasonably limiting this topic, Defendants will prepare a witness to testify regarding: the investigation into Plaintiff's discount abuse that led to her termination.

**CONCLUSION**

As always, we hope to resolve these issues without involving the Court and remain willing to discuss an appropriately tailored 30(b)(6) deposition notice. To that end, we are available to schedule a telephone call to meet and confer on these issues.

Date: March 10, 2022				Respectfully submitted,

						MACY'S, INC. LAW DEPARTMENT

			By:	*/s/ Betty Thorne Tierney*
				11477 Olde Cabin Road, Suite 400
				St. Louis, MO 63141
				T: (314) 342-6728

				SCHOEMAN UPDIKE KAUFMAN
				& GERBER LLP
				Steven Gerber
				551 Fifth Avenue, 12th Floor
				New York, NY 10176
				T: (212) 661-5030
				F: (212) 687-2123

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be served via electronic mail, a true and correct copy of the foregoing Defendants' Objections to Plaintiff's Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6), on:

>Melissa Mendoza, Esq.
>Derek Smith Law Group PLLC
>1 Penn Plaza, Suite 4905
>New York, NY 10119
>*Attorney for Plaintiff, Kristina Mikhaylova*

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

                                              */s/ Betty Thorne Tierney*
                                              Betty Thorne Tierney

Dated: March 10, 2022