# EXHIBIT 26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Case No.
HEIDI DAKTER,

      Plaintiff,

   - against -             **COMPLAINT**

BLOOMINGDALE'S, INC.         PLAINTIFF DEMANDS
                      A TRIAL BY JURY
      Defendant.
------------------------------------------------------------------------X

  Plaintiff Heidi Dakter, by and through her attorneys, Nisar Law Group, P.C., hereby complains of Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and the New York City Human Rights Law, New York City Administrative Code § 8-107(a), *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against on the basis of her Sex (Female), and Pregnancy, as well as being Unlawfully Retaliated Against.**

2. Plaintiff also complains pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendant unlawfully interfering with and/or retaliating against her because she **exercised and/or attempted to exercise her rights under the FMLA.**

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 2617, 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's claims brought under city law

BLM001202

pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PROCEDURAL PREREQUISITES

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC dated July 6, 2020, with respect to the herein charges of discrimination.

8. This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

9. At all times relevant, Plaintiff Heidi Dakter ("Plaintiff") was a resident of the State of New York and Queens County.

10. At all times relevant, Defendant BLOOMINGDALE'S, INC. ("Defendant" or "Bloomingdale's") was and is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of Ohio, and owns, operates, and/or maintains numerous retail locations in New York City.

11. At all times relevant, Defendant lawfully conducts business in the State of New York and owns, operates, and/or maintaines a retail location located at 1000 Third Avenue, New York, NY 10022, which upon information and belief, is its flagship store ("the store").

12. Upon information and belief, at all times relevant, Defendant employed fifty (50) or more employees within a seventy-five (75) mile-radius of the primary location where Plaintiff worked.

13. The FMLA defines an "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer." 29 U.S.C.

BLM001203

26114(A)(ii)(i).

## MATERIAL FACTS

14. In or around December 2017, Plaintiff began working for Defendant as a salesperson at the store; at that time, her compensation was based on commissions and she earned approximately $168,000.00 in total pay for calendar year 2018. Plaintiff was stationed in the Chanel boutique area; she was also one of Bloomingdale's top salespeople that year.

15. In or around the end of March 2019, Plaintiff learned that she was pregnant. Around mid-June 2019, Plaintiff received an award from Bloomingdale's called the "B the Best" award for exceptional customer service and performance.

16. Later that month (on or about June 26, 2019), Plaintiff informed her supervisor—to wit, a person named Denis Diaz, who was the Chanel boutique manager—of her pregnancy. Shortly thereafter (on or about June 30, 2019), Plaintiff told the Chanel brand director (i.e., a woman named Cathy Younis) about her pregnancy. Plaintiff told both that her due date was in December of that year (i.e., during the busiest time of the year due to holiday shopping).

17. Notably, Plaintiff had routinely worked a full-time schedule throughout the entirety of her employment with Defendant, and would have continued as such until December 2019, when she would be taking maternity leave. Thus, Plaintiff would have had at least 1,250 hours of service for the employer during the 12-month period immediately preceding the anticipated maternity leave.

18. On July 3, 2019, Ms. Younis came to Plaintiff and unexpectedly asked her to report to HR. Upon arriving, a representative from Macy's (named Abraham Gonzalez), a representative from Plaintiff's union named Betty Lloyd, as well as a woman from Bloomingdale's HR Department named Alyssa were all present. Oddly, this meeting was

BLM001204

filmed.

19. During the meeting, Plaintiff was asked about fraud and theft in the Chanel boutique and was questioned about a policy which existed at Bloomingdale's regarding customers sending salespeople their credit card info via electronic devices. Plaintiff politely informed Mr. Gonzalez that she had received telephone customers' credit card info via text message which she immediately deleted after processing, and in any event, despite any policy that existed, salespeople routinely received information this way in order to process transactions (including credit card information) from telephone customers via their cell phones. She also stated, in fact, this protocol had been known and done with the imprimatur of both Mr. Diaz and Ms. Younis.

20. Nevertheless, at the end of this meeting, without doing any investigation into the truthfulness of what Plaintiff had told them (notably and amongst other things, that management knew and was advising staff to obtain telephone customers' payment info via phone), Plaintiff received a suspension notice. This notice stated she was being placed on suspension "pending further investigation of the matter."

21. On July 18, 2019, Plaintiff sent an email to her supervisors Ms. Younis and Mr. Diaz (and included on this email Allyssa Maison-Mirza and Stephen Vellecca). In the body of that email she wrote, in part:

> I find the timing of events suspect and feel that I'm being discriminated against. I believe this discrimination is due to my pregnancy and the fact that I will be on maternity leave for the upcoming holiday season. I feel that I have been singled out and treated differently than my coworkers by selected enforcement. Please see the series of events as I've documented in my Suspension Statement.

22. Attached to the email was a PDF document which she titled "Suspension Discrimination Statement." In that statement, Plaintiff stated that she had consistently partnered with the

in-store Asset Protection Director regarding telephone orders and that management has stressed that her role was customer service whereas Asset Protection's role was security. She also reiterated that every fashion advisor in the Chanel boutique (including Mr. Diaz himself) takes credit cards orders using their cell phones as she has been asked not to write down any personal client information on paper. Plaintiff also wrote: **"I feel that I'm being discriminated against because of my pregnancy and the fact that I will be on maternity leave for the upcoming holiday season."** (emphasis added.)

23. On July 23, 2019, after having received Plaintiff's email and the attached Statement which stated she believed she was being discriminated against on account of her pregnancy and due to the dates of her upcoming maternity leave, Lisa Quintanar (who is employed in Employee Relations for Macy's) called Plaintiff and told her that her employment was terminated.

24. The Pregnancy Discrimination Act (which is an amendment to Title VII of the Civil Rights Act of 1964), as well as counterpart New York state and city law, protect against discrimination before, during, and after a woman's pregnancy. *See Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 128 (E.D.N.Y. 2011). The temporal proximity between a plaintiff's termination and her pregnancy, childbirth, or related medical condition can raise an inference of discrimination. *See, e.g., Bond v. Sterling, Inc.*, 997 F. Supp. 306, 309 (N.D.N.Y. 1998). Courts have also noted that an inference of discrimination arises from temporal proximity between the plaintiff's employment termination and the announcement of her pregnancy and/ or her request for maternity leave. *See Briggs*, 819 F. Supp. 2d at 128. Complaint was also unlawfully retaliated against as she was fired only five days after complaining of pregnancy discrimination.

25. Based on the foregoing, Plaintiff's employment termination was motivated, at least in

part, due to her pregnancy and alerting her supervisors that she would be going on maternity leave during the busy holiday shopping season, and/or for complaining about discrimination. Plaintiff's supervisors were no doubt aware that Plaintiff was pregnant and the anticipated birth month of the child. Further, despite any corporate policy which existed, Defendant was not following it, and in fact, numerous employees (including Plaintiff's supervisors) were getting client credit card info via electronic means and utilizing it to process orders. However, only Plaintiff's employment was seemingly terminated for doing that.

26. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses.

27. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

28. As a result of Defendant's discriminatory treatment of Plaintiff, she has suffered loss of wages, as emotional distress.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, and other non-pecuniary losses.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**

30. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

31. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy.

32. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff because of her sex (female) and pregnancy.

<b>AS A SECOND CAUSE OF ACTION<br>FOR RETALIATION UNDER TITLE VII</b>

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to ... discriminate against any of h[er] employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

35. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

<b>AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</b>

36. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

37. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof,

7

BLM001208

because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

38. Defendant engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of her gender and pregnancy.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

39. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

41. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A FIFTH CAUSE OF ACTION FOR INTERFERENCE AND/ OR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

42. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. Section 2612(a)(1)(A) of the Family and Medical Leave Act, states, in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-

8

month period … Because of the birth of a son or daughter of the employee and in order to care for such son or daughter."

44. Section 2615(a) of the Family and Medical Leave Act, states in pertinent part: "Interference with rights. (I) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

45. Defendant discriminated against Plaintiff by interfering and/or retaliating against Plaintiff for exercising her rights under the FMLA and for the sole purpose of interfering with her rights under the FMLA.

## **JURY DEMAND**

46. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the New York City Administrative Code, § 8-107 *et seq.*, and that Defendant discriminated against Plaintiff on the basis of her sex, gender, and pregnancy;

B. Declaring that Defendant engaged in unlawful employment practices prohibited by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, in that Defendant interfered with and/or retaliated against Plaintiff for requesting FMLA leave.

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices, including the awarding of liquidated

BLM001210

damages;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: New York, New York
October 4, 2020

**NISAR LAW GROUP, P.C.**

By: _____
Casimir Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165
Ph: (646) 449-7210
Fax: (877) 720-0514
Email: cwolnowski@nisarlaw.com

10

BLM001211