# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>*Plaintiff,*<br><br>  v.<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually,<br><br>*Defendants.* | Civil Action No. 1:19-cv-08927-GDB<br><br>**REPLY DECLARATION OF JUANA-MARIE LIPPMAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Juana-marie Lippman, do hereby declare:

1.     This declaration is submitted in further support of Defendants' Motion for Summary Judgment. I am personally familiar with the facts and circumstances stated herein, and I could and would competently testify thereto in a court of law if required.

2.     I am the Senior Manager of Colleague Support Operations, Leave of Absence for Macy's, Inc. and its subsidiaries. Bloomingdale's is one of the subsidiaries for which we administer leaves of absence. My office is located in Tampa, Florida. I have been with Macy's for 25 years and have been involved in administering leaves of absence for many years: 2004-2009 and 2016 to the present.

3.     The facts set forth herein are based on my personal review of documents maintained by Macy's, Inc.'s Leave of Absence Department in the ordinary course of business related to Kristina Mikhaylova's request for a leave of absence in May 2017. All of the records I reviewed

1

were prepared and compiled by company personnel in the ordinary course of business at or near the time of the acts, conditions, or events recorded. The Company relies on the trustworthiness and accuracy of these records in the discharge of its duties and responsibilities pertaining to its employees who request leaves of absence. I also rely upon these documents in the performance of my job duties, as do the other employees responsible for the administration of the Macy's various leave policies for the company and its subsidiaries.

4.      The information below is from the file maintained on Ms. Mikhaylova by the Leave of Absence ("LOA") Office.

5.      Ms. Mikhaylova called the LOA team on May 15, 2017 requesting an intermittent leave from that date through August 14, 2017.

6.      A leave packet was sent to her along with a request for a doctor's certification of the need for the leave. She was asked to provide the medical documentation by May 31, 2017.

7.      When the certification was not timely received, a letter was sent on June 1, 2017 reminding her of the need for the medical certification from her medical provider, and giving her until June 12, 2017 to provide the information.

8.      On June 5, 2017, the LOA office received the medical documentation from Ms. Mikhaylova's medical provider that stated she required intermittent leave for one time per week for the next 6 months up to 2 hours per episode. However, the medical documentation stated that the leave was needed beginning as of April 2017 and not May.

9.      As the dates for the leave had changed, the LOA team cancelled the pending leave on June 8, 2017 (with the May start date) and reopened a leave of absence request with the date of April 23, 2017. See BLM785 attached hereto as Ex. A. This reflects this was the second request and that the leave was from 4/23/2017 to 11/22/2017.  This page also reflects this process began on 6/8/2017 when the second leave request was opened. On the lower right, there is an entry that shows this leave was approved on June 8, 2017. The status is currently reflecting completed on this page. That entry was made on June 20, 2017 when the LOA team learned Ms. Mikhaylova had been terminated from employment. See BLM788 attached as Exhibit B. This

2

shows that the leave was changed from APP (approved) to COM (completed) on June 20, 2017.

10.     As a new leave request was opened, even though we had the medical certification, the system automatically sent a new leave packet to Ms. Mikhaylova and part of that was a request for information for medical certification. This new leave packet was dated June 9. See Ex. C (BLM789) attached hereto. BLM789 shows an entry for the mailing of the new leave packet on June 8, 2017. It would be dated for one business day later – June 9. See also Ex. D (BLM797-806) which is the leave packet sent on June 9, 2017. It specifically refers to the new April start date for the leave. It also refers to the medical certification and states she has to provide one if she has not already done so.

11.     A letter was sent to Ms. Mikhaylova on June 9 stating that her leave (with a start date of April 23) was approved. The letter was dated June 9 for mailing but would have been placed in InSite – the employee portal – on June 8. Ex. C refers to the leave status being updated to approved on June 8 and the approval letter being sent on June 8 – it too would be dated for one business day later. Ms. Mikhaylova called the LOA team on June 8 and discussed how to track her time for her intermittent leave.

12.     Ms. Mikhaylova sent a revised note on June 15, 2017 changing the frequency and duration of her leave to five times per week for the next 6 months up to 2 hours per episode.

13.     On June 20, 2017, the LOA team learned that Ms. Mikhaylova's employment had ended as of June 15, 2017. The system notes were changed to reflect that the leave was completed pursuant to our policies.  See Exs. A and B.

14.     The only reference in the documents for Ms. Mikhaylova for the cancellation of a leave were solely because the dates changed for the first requested leave. When this happens, our procedure is to cancel the first leave and then reopen a new leave request with the new date. IF the leave had not been approved, it would have been noted as Denied (DEN). That does not appear in Ms. Mikhaylova's file.

Pursuant to 28 U.S.C. §1746(2), I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed on this _29_ day of _September_ , 2023 in Tampa, Florida.

_____
Juana-marie Lippman