

Boston MA + Providence RI +
New York NY + Philadelphia PA +
Milford CT + Fairfield NJ

October 10, 2023

<u>Via ECF</u>
Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

     **Re:**    **Kristina Mikhaylova v. Bloomingdale's, Inc., et al.**
            **Case No. 19-cv-08927**

Dear Judge Daniels:

     Defendants Bloomingdale's, LLC (formerly Bloomingdale's, Inc.), Macy's, Inc. and Christopher Castellani ("Defendants") respectfully submit this letter in opposition to Plaintiff's latest letter motion [ECF #138] seeking leave to file a sur-reply in further opposition to Defendants' motion for summary judgment.

     The law in this Circuit on filing a sur-reply is well-settled. In short, "[w]here new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion." *Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc., 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992)*. However, this broad language is not the end of the analysis. This District Court's decisions limit this notion by the principle that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Id.*; *see also Travelers Ins. Co. v. Buffalo Reinsurance Co., 735 F. Supp. 492, 495 (S.D.N.Y.), vacated in part on other grounds, 739 F. Supp. 209 (S.D.N.Y. 1990)*. In addition, a further consideration is whether the reply brief surprises the other side by new reasons for the granting of the summary judgment motion. *Litton, 767 F. Supp. at 1235*; see also, *Bonnie & Company Fashions v. Bankers Trust Co.*, 945 F.Supp.693, 708 (S.D.N.Y. 1996); *Kowalski v. YellowPages.com, LLC,* 2012 U.S.Dist. LEXIS 46539 *30-31 (S.D.N.Y. 2012).

     In this case, the two reply declarations submitted by Defendants do not add additional arguments for granting their summary judgment motion. The declarations were used solely to refute two arguments raised in Plaintiff's opposition. The declaration of Juana-Marie Lippman was used to explain the "CAN" (cancel) code on the leave documents produced in this matter. In Plaintiff's Amended Complaint [ECF #21, ¶ 51] and in her deposition (Plaintiff Dep., p. 169:3-22,

Barton Gilman LLP
165 Passaic Avenue
Suite 107     p 973 256 9000
Fairfield, NJ 07004     f 973 256 9001

Honorable George B. Daniels, U.S.D.J.
October 10, 2023
Page 2

in Gerber Decl., Ex. A [ECF #107-1]), Plaintiff admitted that her intermittent leave of absence had been approved. Lippman was never disclosed as there was no need to confirm the approval of the leave as Plaintiff admitted that issue. It was only in her opposition to the Defendants' summary judgment motion that Plaintiff began to argue that her leave was not approved and, in fact, had been cancelled. Most of the content of Lippman's declaration was already included in the summary judgment record through the initial Declaration of Courtney Cox. The documents attached to Lippman's declaration were produced in discovery and most, if not all, were already in the summary judgment record. The primary use for the Lippman reply declaration was to explain the "CAN" reference in the leave documents that was raised for the first time in Plaintiff's opposition. Defendants had already argued the leave was approved in their opening brief.

As for Courtney Cox's supplemental declaration, the content was geared toward disproving Plaintiff's unsupported argument that managers were aware of her misconduct, and her specific argument that Denis Diaz and/or Cathy Younis had rung up some of her purchases. Cox's declaration does nothing more than identify the employees who rang the purchases that Plaintiff shipped out of state and attest that they were not managers. This directly refutes Plaintiff's arguments that managers were involved in the misconduct. Of note, the receipts for the purchases are already in the summary judgment record and most of the receipts state at the bottom the first names of the persons ringing the transaction. There is no surprise as Plaintiff was well aware of who she asked to ring her purchases, and this directly contradicts her argument.

Finally, it is unclear what arguments Plaintiff can even muster on these two limited issues. She cannot refute either and allowing additional briefing on this matter is not only unnecessary, but delays the resolution of a motion that has already been pending over five months. Defendants respectfully oppose Plaintiff's motion for leave to file a sur-reply.

Respectfully submitted,

By:   *s/ Steven Gerber*
Steven Gerber
BARTON GILMAN LLP
165 Passaic Avenue, Suite 107
Fairfield, New Jersey 07004
Telephone: (973) 256-9000
Email: sgerber@bglaw.com

-and-

*/s/ Betty Thorne Tierney*
Betty Thorne Tierney (admitted *Pro Hac Vice*)
BLOOMINGDALE'S, INC. LAW DEPARTMENT
11477 Olde Cabin Rd., Suite 400
Creve Coeur, Missouri 63141
Telephone: (314) 342-6728
Email: betty.tierney@macys.com

Honorable George B. Daniels, U.S.D.J.
October 10, 2023
Page 3


*Attorneys for Defendants, Macy's, Inc.,*
*Bloomingdale's, Inc., Bloomingdale's, LLC,*
*Christopher Castellani*

cc:     Melissa Mendoza, Esq. (via ECF)