UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually,<br><br>　　　　　　　Defendants. | Civil Action No. 1:19-cv-08927-GDB |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Melissa Mendoza, Esq.
**DEREK SMITH LAW GROUP, PLLC**
ONE PENNSYLVANIA PLAZA, SUITE 4905
NEW YORK, NY 10119
(212) 587-0760

Plaintiff, Kristina Mikhaylova (hereinafter "Plaintiff") respectfully submits this surreply in response to Defendants' Reply in support of Motion for Summary Judgment because Defendants improperly submit new facts and evidence with their Reply brief which was not raised in their initial motion, is controverted by evidentiary materials in the record and lack foundation.

Here, Defendants submit the previously undisclosed Declaration of Juana-Lippman and Supplemental Declaration of Courtney Cox. This is the first time Defendants identify Juana-Marie Lippman and/or the Leave of Absence Office located in Tampa, Florida that allegedly processed Plaintiff's leave of absence paperwork. Defendants did not identify Juana-Marie Lippman and/or the aforementioned information during discovery, in their initial disclosures, nor while the case was pending in the Equal Employment Opportunity Commission in 2019. Notably, Defendants previously submitted a single vague statement in their Memorandum of Law in Support of Motion for Summary Judgment that the leave of absence team was located in a central location. (Dkt No. 106 at p. 20; Dkt No.105, ¶15). Defendants should not be permitted to use these evidentiary materials to support their Motion for summary Judgment as Defendants should have included all arguments at the time of the filing of their motion in accordance with the Federal Rules of Civil Procedure. In the alternative, should the court consider these evidentiary materials, Plaintiff argues herein that the Court must deny Defendants' motion for summary judgment because clearly Plaintiff has established that there are genuine issues for trial. Plaintiff has established that the record taken as a whole could lead a rational trier of fact to find for the Plaintiff, such that defendants had to create new evidence to support their initial motion. Avail 1 LLC v. Varlas, No. 19-CV-1922(KAM)(CLP), 2023 U.S. Dist. LEXIS 115993, at *8 (E.D.N.Y. July 6, 2023). Indeed, Defendants could not support their reply and respond to plaintiff's opposition with the use of the evidentiary materials already in the record such as Richard Law's testimony, Plaintiff's testimony,

and/or Courtney Cox's testimony because it would only establish genuine issues for trial exist in this case.

Moreover, the Declaration of Juana Lippman violates Federal Rule of Civil Procedure (FRCP) 56 because Juana asserts factual statements made on personal knowledge and not discussing the business processes. Indeed, Defendants do not even submit to the Court the entire documents in the record pertaining to Juana's declaration but rather only conveniently include certain pages. Plaintiff submits with this surreply as Exhibit A the entire set of documents pertaining to that issue. Similarly Cox's supplemental declaration does the same because Cox was not employed at the time of plaintiff's employment and she testified that the company changed computer systems after Plaintiff's employment and/or before Cox's employment. This is stated in Plaintiff's opposition and/or counterstatement of material facts. Since Defendants know that the court must view evidence in light most favorable to plaintiff (nonmoving party) and draw reasonable inferences in favor of plaintiff, they had to come up with something.

Lastly, should Defendants use of both declarations are prejudicial to Plaintiff as she has not had an opportunity to conduct discovery either paper or depositions. Indeed, as Plaintiff included in her opposition Defendants produced Cox as their 30b6 witness pertaining to certain issues however when Plaintiff questioned Cox on certain systems and processes used by Defendants during plaintiff's employment, Defendants counsel limited Plaintiff's line of questioning to eliminate those questions. At no time during discovery did Defendants produce and/or acknowledge Juana to address a material fact such as Plaintiff's approval of her FMLA leave prior to her suspension and termination.

Accordingly, Plaintiff raised a genuine issue of fact of whether Richard Law was aware of Plaintiff's pregnancy before her suspension and before her termination, that Defendants were

aware Plaintiff was shipping to addresses out of state, Defendants had zero intention of accommodating Plaintiff, and most importantly Plaintiff's FMLA leave request was tied to Richard Law's decision to suspend and terminate Plaintiff. The Court must deny Defendants motion for summary judgment as this case should go to the jury as there are several issues of fact for a jury and the court is not to weight the credibility of evidence..

**ARGUMENT**

**PLAINTIFF HAS RAISED MATERIAL ISSUES OF FACT**

Defendants Declarations submitted with their Reply are simply conclusory statements wrapped up in evidentiary form. However, simply reading the Declarations it is clear these Declarations do nothing more than further support Plaintiff's argument that there are genuine issues for trial in this case such that this case should not be decided on a motion for summary judgment.

Cox identifying the employee id's for Denis Diaz and Cathy Younis does not contravert Plaitniff's argument and material issue of fact that Defendants managers were aware of plaintiff's purchases shipped out of state because first Cox was not employed at the time, second Cox is only looking at the receipts of the transactions which as Defendants are aware in retail any employee can ring up a transaction while another employee's id is logged in. If that were true, Defendants should have submitted a declaration from Denis Diaz or Cathy Younis but they did not.

As for Juana, Defendants needed juana's declaration and not the evidence in the record is because it would go against their argument that Law did not know Plaintiff was pregnant at the time of the investigation and/or termination. See Defendants Counter-Statement No. 88. Contrast, Law testified that he was unaware of Plaintiff's FMLA leave approval which he would have been made aware of as company policy. See Law Depo. 44:1-45:4; 26:25-28:4. Further don't need Juana declaration to explain whether or not Plaintiff was approved because from their own statement of

4

facts paragraph 15 state manager would have been notified. Between June 6 and June 15, 2017 Plaintiff was not concerned about her FMLA leave but rather her employment status as she was suspended without pay. Defendants know plaintiff has established a genuine issue of material fact whether they terminated her employment before the approved her FMLA leave and/or that Richard was aware of her pregnancy at the time he terminated her employment. Notably, they asked about her performance after investigation. See Blm1531. Defendants argument "nothing ties Plaintiff's termination to her pregnancy" rests on Richard Law not knowing about Plaintiff's pregnancy and/or FMLA leave at the time of her investigation and/or suspension. Dkt. No. 106, p. 16. Indeed Defendants even stated in their initial motion that the leave of absence team was located in a central location and was not part of the investigation or termination. Dkt. No. 106, p. 20. Therefore, Defendants knew Plaintiff was going to raise the argument that Defendants cancelled Plaintiff's FMLA leave after her suspension.

However, if ""[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on **personal knowledge**, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4))"Fannie Mae v. Quickway Ests. LLC, No. 22-CV-3048 (KMK), 2023 U.S. Dist. LEXIS 168550, at *12 (S.D.N.Y. Sep. 21, 2023). Here, Juana is not explaining the system but rather what happened specifically in Plaintiff's case. However, Defendants have not produced any documents to support or corroborate Juana had personal knowledge of her conclusory statements.

**EVIDENTIARY MATERIALS ARE CONTRADICTED BY EVIDENCE IN THE RECORD**

Juana says that she was terminated on 6/15/2017. That is incorrect on all docs says 6/16/2017. Juana claims Plaintiff called on June 8, 2017 asking how to trackj her time for intermittent leave however Juana has no personal knowledge of this conversation. She is only assuming that Plaintiff called. Regardless this is refuted by the fact that Plaintiff was already suspended at this time and she emailed Law asking when she would be able to return to work and that if this was because of her pregnancy. BLM 757, and 1531. Plaintiff was not thinking about her FMLA. Would have directly refuted this with BLM 757 because it says PND to CAN. Have to say it was approved on 6/8/2017 because that is the only argument they have to say that she was approved after her suspension.

**Furthermore, documents produce in the record,** BLM 1516-1517- June 7, 2017-June 8, 2017 (12:48PM defendants were asking about her current performance and tenure rating. Richard says she has been with us since 5/3/2016, no disciplinary actions on file in imaging system.

**Most significantly, Juanas declaration is converted by record evidence in that Plaintiff requested leave June 1, 2017 for March 2017 until November 2017.** Mikhaylova00039-41- dated 6/1/2017 and says 1 time per 1 week 6 months duration 2 hours per episode. Her fax is 7182752673 from 3/15/2017 until 11/22/2017  request for date condition commenced

As seasoned attorneys, it seems odd Defendants would have overlooked Plaintiff's argument in her opposition. Such that they would need to resubmit declarations and new discovery not in the record.  Although, it becomes much more understandable why they did upon further look at the discovery and summary judgment record materials. Indeed, Defendants intentionally avoided using Richard Law's testimony or even the documents produced by Defendants and produced by Defendants at Plaintiff's deposition but it would have further supported Plaintiff's claims and/or annihilated their arguments. That is that first, Law did have notice of Plaintiff's pregnancy and

FMLA leave at the time of the investigation and termiantion. Second, that Defendants failed to provide Plaintiff with any accomodation becuase the only accomodation they would have offered her was intermittent leave and they had zero intention of offering her that accommodation. Accordingly, Plaintiff respectfully requests the court deny Defendants motion for summary judgment and/or provide any other relief proper.

Dated: October 30, 2023
New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

/s/Melissa Mendoza
Melissa Mendoza, Esq.
Derek Smith Law Group, PLLC
One Pennsylvania Plaza Suite 4905
New York, New York 100119
Telephone: (212) 587-0760
melissa@dereksmithlaw.com