UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>                    *Plaintiff,*<br><br>     v.<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually,<br><br>                    *Defendants.* | Case No. 1:19-cv-08927-GDB-SLC<br><br>DECLARATION OF STEVEN GERBER, ESQ. IN SUPPORT OF DEFENDANTS BLOOMINGDALE'S, INC., BLOOMINGDALES'S INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINIGDALE'S LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, AND CHRISTOPHER CASTELLANI'S APPLICATION FOR COSTS AGAINST PLAINTIFF |

I, STEVEN GERBER, of full age, hereby state as follows:

1.     I am an attorney at law of the State of New York and am admitted to practice before this Honorable United States District Court, among others. I am an attorney in the law firm of Barton Gilman LLP, attorneys for Defendants, Bloomingdale's, LLC (formerly Bloomingdale's, Inc.), Macy's, Inc. and Christopher Castellani, as well as the misnamed additional Defendants "Bloomingdale's LLC d/b/a Bloomingdale's and Forty Carrots", "Bloomingdale's LLC d/b/a Bloomingdale's New York" and "Macy's, Inc. d/b/a Macy's of New York" (all the foregoing collectively, the "Defendants"), in the above-captioned matter. As such, I am fully familiar with the facts and circumstances set forth herein.

1

2. This Declaration is respectfully submitted in support of Defendants' Bill of Costs and application for an award of costs against Plaintiff Kristina Mikhaylova ("Plaintiff").

3. On or about September 25, 2019, Plaintiff commenced the instant action by filing a complaint against, among others, the Defendants in this United States District Court (the "Court"). See ECF No. 1. On January 10, 2020, Plaintiff filed an Amended Complaint. See ECF No. 21.

4. On April 14, 2023 Defendants served and filed a Motion for Summary Judgment in the instant matter (ECF No. 104), together with a Local Civ. Rule 56.1 Statement of Undisputed Facts (ECF No. 105) (hereinafter, "Defendants' Moving SUF"), moving Memorandum of Law (ECF No. 106) and supporting Declarations, including the Declaration of Steven Gerber, Esq. (ECF No. 10 (the "Moving Gerber Decl.")). Annexed as Exhibits to the Moving Gerber Decl. were pertinent portions of the transcripts of the following deposition witnesses, among others: Plaintiff (ECF No. 107-1); Richard Law (ECF No. 107-2); Denis Diaz (ECF No. 107-4; Christopher Castellani (ECF No. 107-7); and Fred Becker (ECF No. 107-8). In response to Plaintiff's papers opposing Defendants' summary judgment motion (ECF Nos. 125-129), Defendants served and filed a Reply Memorandum of Law in Support of their Motion for Summary Judgment (ECF No. 134). Defendants also simultaneously filed and served a Counter-Statement to Plaintiff's Rule 56.1 Statement of Additional Facts (ECF No. 137) (hereinafter, the "Joint SUMF").

5. In the Memorandum Decision and Order dated and filed on November 13, 2023 (ECF No. 145, hereinafter, occasionally the "Decision"), the Hon. George B. Daniels, U.S. District Judge, granted Defendants' Motion for Summary Judgment in its entirety and dismissed all of Plaintiff's claims against all defendants. In the Decision, the Court referred to facts by reference

to ECF No. 137, identifying it as the "Joint Statement of Undisputed Material Facts ("Joint SUMF"). Decision, at p. 1. The Decision ordered the Clerk to "close the open [summary judgment] motion, and dismiss all defendants from this action." See ECF No. 145 at p. 15.

6. On or about November 13, 2023, pursuant to the Decision, the Clerk of this Court entered a Judgment providing: "It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Decision and Order dated November 13, 2023, Defendants' motion for summary judgment, (ECF No. 104), is GRANTED."

7. Defendants now seek an award of costs in the amount of $4,985.15 as the prevailing parties in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Civil Rules of the Southern District of New York ("L. Civ. R. 54.1") for the following items. The costs claimed are correctly stated, are allowable by law, and were necessarily incurred as stated herein. Defendants' Bill of Costs dated December 6, 2023 is attached hereto as Exhibit "A".

### Costs for Depositions under Local Civil Rule 54.1(c)(2)

8. Local Civil Rules 54.1(c)(2) provides that "[c]osts for depositions are … taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." The deposition transcripts identified below, the paid invoices for which are attached to the accompanying Bill of Costs, were used and referenced by the Court in the Decision as detailed below. See Whitfield v. Scully, 241 F.3d 264, 271 (2d Cir. 2001), abrogated on other grounds, Bruce v. Samuels, 577 U.S. 82 (2016).

Deposition of Plaintiff Kristina Mikhaylova

9. On March 18, 2022, Defendants incurred costs totaling $2,082.00 for the March 8, 2022 deposition and transcript of Plaintiff Kristina Mikhaylova in this action. A copy of the paid

invoice for this deposition transcript is attached to the accompanying Bill of Costs. Pertinent parts of the transcript of this deposition were used by the Court in its Decision and identified as the basis for several of the undisputed facts in its Decision.   See:

      (a)    Decision at p. 2, citing to Joint SUMF ¶ 1;  Joint SUMF ¶ 1 identifies as its source the subject Deposition of Plaintiff;

      (b)    Decision at p. 3, citing to Joint SUMF ¶¶ 2, 23, 64, 68, 72, 76, 81 and 83; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Plaintiff;

      (c)    Decision at p. 4, citing to Joint SUMF ¶¶ 26, 31, 35 and 36; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Plaintiff;

      (c)    Decision at p. 5, citing to Joint SUMF ¶¶ 98 and 126; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Plaintiff; and

      (d)    Decision at p. 6, citing to Joint SUMF ¶¶ 81, 83 and 84; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Plaintiff.

Therefore, in accordance with L. Civ. R. 54.1, Defendants are entitled to the cost of the Plaintiff's deposition transcript as the Court used it in its summary judgment Decision.

<u>Deposition of Richard Law</u>

10.    On December 28, 2022, Defendants incurred costs totaling <u>$886.30</u> for the December 5, 2022 deposition transcript of Richard Law. A copy of the paid invoice for this deposition transcript is attached to the accompanying Bill of Costs. Pertinent parts of the transcript of this deposition were used by the Court in its Decision and identified as the basis for several of the undisputed facts in its Decision.  See:

    (a)    Decision at p. 3, citing to Joint SUMF ¶¶ 2 and 83; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Richard Law;

    (b)    Decision at p. 5, citing to Joint SUMF ¶ 126; this Joint SUMF paragraph identifies as one of its sources the subject Deposition of Richard Law; and

    (c)    Decision at p. 6, citing to Joint SUMF ¶¶ 2, 83 and 84; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Richard Law.

Therefore, in accordance with L. Civ. R. 54.1, Defendants are entitled to the cost of the deposition transcript of Richard Law as the Court used it in its summary judgment Decision.

<u>Deposition of Denis Diaz</u>

11.    On December 21, 2022, Defendants incurred costs totaling <u>$561.65</u> for the October 28, 2022 deposition and transcript of Dennis Diaz. A copy of the paid invoice for this deposition transcript is attached to the accompanying Bill of Costs. Pertinent parts of the transcript of this deposition were used by the Court in its Decision and identified as the basis for several of the undisputed facts in its Decision. See:

    (a)    Decision at p. 4, citing to Joint SUMF ¶ 26; this Joint SUMF paragraph identifies as one of its sources the subject Deposition of Denis Diaz; and

    (b)    Decision at p. 4, citing to Joint SUMF ¶ 78; this Joint SUMF paragraph identifies as one of its sources the subject Deposition of Denis Diaz.

Therefore, in accordance with L. Civ. R. 54.1, Defendants are entitled to the cost of the deposition transcript of Denis Diaz as the Court used it in its summary judgment Decision.

<u>Deposition of Christopher Castellani</u>

12.    On December 7, 2022, Defendants incurred costs totaling <u>$672.00</u> for the November 15, 2022 deposition and transcript of Christopher Castellani. A copy of the paid invoice

for this deposition transcript is attached to the accompanying Bill of Costs. Pertinent parts of the transcript of this deposition were used by the Court in its Decision and identified as the basis for several of the undisputed facts in its Decision. See:

    (a)    Decision at p. 3, citing to Joint SUMF ¶¶ 63, 68, 76-81, 78 84; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Christopher Castellani;

    (b)    Decision at p. 4, citing to Joint SUMF ¶¶ 78-80; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Christopher Castellani;

    (c)    Decision at p. 5, citing to Joint SUMF ¶ 78; this Joint SUMF paragraph identifies as one of its sources the subject Deposition of Christopher Castellani; and

    (d)    Decision at p. 6, citing to Joint SUMF ¶¶ 83 and 84; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Christopher Castellani.

Therefore, in accordance with L. Civ. R. 54.1, Defendants are entitled to the cost of the deposition transcript of Christopher Castellani as the Court used it in its summary judgment Decision.

<u>Deposition of Fred Becker</u>

13.    On December 1, 2022, Defendants incurred costs totaling <u>$783.20</u> for the November 10, 2022 deposition transcript of Fred Becker. A copy of the paid invoice for this deposition transcript is attached to the accompanying Bill of Costs. Pertinent parts of the transcript of this deposition were used by the Court in its Decision and identified as the basis for several of the undisputed facts in its Decision. See:

    (a)    Decision at p. 3, citing to Joint SUMF ¶¶ 77, 80-82; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Fred Becker; and

6

      (b)    Decision at p. 6, citing to Joint SUMF ¶¶ 81-82; each of these Joint SUMF paragraphs identifies as one of its sources the subject Deposition of Fred Becker.

Therefore, in accordance with L. Civ. R. 54.1, Defendants are entitled to the cost of the deposition transcript of Fred Becker as the Court used it in its summary judgment Decision.

### Conclusion

For the foregoing reasons, as the prevailing parties pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1(c)(2), Defendants are entitled to the costs of the afore-referenced depositions transcripts. A true copy of each of the invoices received from the court stenographers, Everest Court Reporting and Veritext, together totaling $4,985.15 is annexed hereto as Exhibit "B".

WHEREFORE, it is respectfully requested that the Clerk issue an Order granting the Defendants costs in the amount of $4,985.15.

Pursuant to 28 U.S.C. §1746(2), I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed in Fairfield, New Jersey.
Dated: December 6, 2023

                                                        Steven Gerber