UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA MIKHAYLOVA,<br><br>                  Plaintiff,<br><br>  -against-<br><br>BLOOMINGDALE'S, INC., BLOOMINGDALE'S, INC. d/b/a BLOOMINGDALE'S AND FORTY CARROTS, BLOOMINGDALE'S, LLC, BLOOMINGDALE'S, LLC d/b/a BLOOMINGDALE'S NEW YORK, MACY'S, INC., MACY'S, INC. d/b/a MACY'S OF NEW YORK, UNITED STOREWORKERS RETAIL, WHOLESALE AND DEPARTMENT STORE UNION AFL-CIO LOCAL 3 a/k/a LOCAL 3 UNITED STOREWORKERS RWDSU/UFCW, DENNIS DIAZ, individually, CHRISTOPHER CASTELLANI, individually, RICHARD LAW, individually, and BOBBY BOOKER, individually,<br><br>                  Defendants. | Civil Action No. 1:19-cv-08927-GDB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER AND/OR AMEND THE COURT'S NOVEMBER 13, 2023 JUDGMENT DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

Melissa Mendoza, Esq.
**DEREK SMITH LAW GROUP, PLLC**
ONE PENNSYLVANIA PLAZA, SUITE 4905
NEW YORK, NY 10119
(212) 587-0760

1

This Memorandum of Law is submitted on behalf of Plaintiff, Kristina Mikhaylova (hereinafter "Plaintiff") in support of her Motion to Alter or Amend the Court's November 13, 2023 Judgment pursuant to Federal Rules of Civil Procedure 59(e), granting Defendants' Motion for Summary Judgment and Dismissing Plaintiff's Claims with Prejudice. Plaintiff brings this Motion seeking relief from those portions which dismissed Plaintiff's pregnancy, sex/gender, and disability discrimination, retaliation, failure to accommodate claims under the New York State Human Rights Law, N.Y. Exec. Law 278 (NYSHRL) and the New York City Administrative Code 8-107 ("NYCHRL") with prejudice. This Court should grant Plaintiff's motion and dismiss Plaintiff's claims without prejudice.

## ARGUMENT

1. **Standard for Fed. R. Civ. P. 59(e)**

"Pursuant to Fed. R. Civ. P. 59(e) and S.D.N.Y. & E.D.N.Y. Civ. R. 6.3, a motion for reconsideration is appropriate when a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result." Chamberlin v. Principi, 2006 U.S. Dist. LEXIS 10254, at *1 (S.D.N.Y. Mar. 14, 2006). "Fed. R. Civ. P. 56 governing summary judgment motions, does not embrace default judgment principles. Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 242 (2d Cir. 2004). "Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 242 (2d Cir. 2004). "Fed. R. Civ.

P. 59(e) allows the court to alter or amend a judgment when presented with controlling decisions or data that the court overlooked or matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Jones v. Mega Fitness, 94 Civ. 8393 (LAK)(RLE), 1996 U.S. Dist. LEXIS 8654, at *1 (S.D.N.Y. June 20, 1996).

In this case there is clear error, manifest injustice, incorrect facts and controlling decisions that would have affected the court's decision to dismiss Plaintiff's claims with prejudice.

## 2. Plaintiff's NYSHRL and NYCHRL Claims Should be Dismissed Without Prejudice

The United States Supreme Court has emphasized that pendent jurisdiction is a doctrine of discretion. Jones v. Mega Fitness, 94 Civ. 8393 (LAK)(RLE), 1996 U.S. Dist. LEXIS 8654, at *1 (S.D.N.Y. June 20, 1996). "[F]ederal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation." Isienyi v. Interactive Data Corp., No. 1:16-cv-902-GHW, 2018 U.S. Dist. LEXIS 51924, at *22-23 (S.D.N.Y. Mar. 27, 2018). In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of. . . , courts should 'abstain from exercising pendent jurisdiction.'" Hollingsworth v. Theatrical Teamsters Union Local 817 IBT, No. 16-CV-4700 (JMA)(AYS), 2020 U.S. Dist. LEXIS 80948, at *22-23 (E.D.N.Y. May 7, 2020); Birch v. Pioneer Credit Recovery, Inc., No. 06-CV-6497T, 2007 U.S. Dist. LEXIS 41834, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986)). "Exceptional circumstances may exist where, for example, the remaining state claims are "closely tied to questions of federal policy." Isienyi v. Interactive Data Corp., No. 1:16-cv-902-GHW, 2018 U.S. Dist. LEXIS 51924, at *22-23 (S.D.N.Y. Mar. 27, 2018). "If it appears that the federal claims…could be disposed of on a motion for summary judgment under [Rule] 56, the court should refrain from exercising pendent jurisdiction absent exceptional circumstances." Isienyi v.

Interactive Data Corp., No. 1:16-cv-902-GHW, 2018 U.S. Dist. LEXIS 51924, at *22-23 (S.D.N.Y. Mar. 27, 2018). As there is no longer any federal claim in this action, it is within the Court's discretion whether to exercise supplemental jurisdiction over plaintiff's remaining state and municipal law claims. Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262–63 (2d Cir.2006)(Court declining to exercise supplemental jurisdiction over the remaining state and municipal law claims).

**3. Plaintiff Did Not Abandon Her Claims**

"Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim." Estate of M.D. v. New York, 241 F. Supp. 3d 413, 423 (S.D.N.Y. 2017). Instead of deeming the claim abandoned the court can address its merits." Estate of M.D. v. New York, 241 F. Supp. 3d 413, 423 (S.D.N.Y. 2017).

Plaintiff's claims were not abandoned because they were addressed in her opposition. Courts in this district have held that where the Plaintiff failed to mention, address, or mention in anyway any of the claims in defendants' motion for summary judgment, those claims will be deemed abandoned. Here that was not the case. Plaintiff repeatedly addressed and discussed all of her claims raised in defendants' summary judgment motion and further supported with Plaintiff's extensive Rule 56.1 Counter-statement of facts providing the Court with substantial evidence to controvert Defendants' conclusory statement of facts that did not cite to the record.

In other cases it was apparent that Plaintiff intentionally abandoned their claims by failing to mention, address, or discuss those claims in any way. See Avola v. La.-Pacific Corp., 991 F. Supp. 2d 381, 390 (E.D.N.Y. 2013); Devito v. Barrant, 2005 U.S. Dist. LEXIS 22444, *1 (Plaintiff abandoned negligent hiring and retention claims by virtue of his failure to address them in his

4

memorandum). "Under Fed. R. Civ. P. 56, factual allegations in the pleadings of the party opposing the motion for summary judgment, if supported by affidavits or other evidentiary material, should be regarded as true by the district court." Burtnieks v. New York, 716 F.2d 982, 983 (2d Cir. 1983). Further,"on summary judgment the inferences to be drawn from the underlying facts contained in affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 654, 82 S. Ct. 993, 994 (1962).

**4. Plaintiff's New York City Claims Should Be Reinstated or Dismissed without Prejudice Because Defendants' Did Not Meet Their Burden**

"The Court of Appeals has also emphasized that all provisions of the City Human Rights Law should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" Suri v. Grey Glob. Grp., Inc., 2018 NY Slip Op 05627, ¶ 3, 164 A.D.3d 108, 113, 83 N.Y.S.3d 9, 14 (App. Div. 1st Dept.)(Albunio v City of New York, 16 NY3d 472, 477-478, 947 NE2d 135, 922 NYS2d 244 [2011]). Suri v. Grey Glob. Grp., Inc., 2018 NY Slip Op 05627, ¶ 3, 164 A.D.3d 108, 113, 83 N.Y.S.3d 9, 14 (App. Div. 1st Dept.) The Courts have addressed the city's concerns for the "strongest possible safeguards against depriving an alleged victim of discrimination of a full and fair hearing before a jury of her peers by means of summary judgment." Bennett v. Health Mgmt. Sys., Inc., 2011 NY Slip Op 9206, ¶ 12, 92 A.D.3d 29, 44, 936 N.Y.S.2d 112, 123 (App. Div. 1st Dept.) in that case, the Court summarized the Bennett three part burden shifting test, then, for purposes of consideration of summary judgment motions in discrimination cases brought under the NYCHRL: "(1) If a court were to find it necessary to consider the question of whether a prima facie case [***33] has been made out, it would need to ask the question, "Do the initial facts described by the plaintiff, *if not otherwise explained*, give

rise to the *McDonnell Douglas* inference of discrimination?" (2) Where a defendant has put forward evidence of one or more nondiscriminatory motivations for its actions, however, a court should ordinarily avoid the unnecessary and sometimes confusing effort of going back to the question of whether a prima facie case has been made out. Instead, it should turn to the question of whether the defendant has sufficiently met its burden, as the moving party, of showing that, based on the evidence before the court and drawing all reasonable inferences in plaintiff's favor, no jury could find defendant liable under any of the evidentiary routes--*McDonnell Douglas*, mixed motive, "direct" evidence, or some combination thereof. (3) If the plaintiff responds with some evidence that at least one of the reasons proffered by defendant is false, misleading, or incomplete, a host of determinations properly made only by a jury come into play, and thus such evidence of pretext should in almost every case indicate to the court that a motion for summary judgment must be [***34] denied." ] To summarize, then, for purposes of consideration of summary judgment motions [**124] in discrimination cases brought under the City HRL:

(1) If a court were to find it necessary to consider the question of whether a prima facie case [***33] has been made out, it would need to ask the question, "Do the initial facts described by the plaintiff, if not otherwise explained, give rise to the McDonnell Douglas inference of discrimination?"(2) Where a defendant has put forward evidence of one or more nondiscriminatory motivations for its actions, however, a court should ordinarily avoid the unnecessary and sometimes confusing effort of going back to the question of whether a prima facie case has been made out. Instead, it should turn to the question of whether the defendant has sufficiently met its burden, as the moving party, of showing that, based on the evidence before the court and drawing all reasonable inferences in plaintiff's favor, no jury could find defendant liable under any of the evidentiary routes--McDonnell Douglas, mixed motive, "direct" evidence, or some combination

thereof. (3) If the plaintiff responds with some evidence that at least one of the reasons proffered by defendant is false, misleading, or incomplete, a host of determinations properly made only by a jury come into play, and thus such evidence of pretext should in almost every case indicate to the court that a motion for summary judgment must be [***34] denied. Bennett v. Health Mgmt. Sys., Inc., 2011 NY Slip Op 9206, ¶ 13, 92 A.D.3d 29, 45, 936 N.Y.S.2d 112, 123-24 (App. Div. 1st Dept.). "On a motion for summary judgment, defendant bears the burden of showing that, based on the evidence before the court and drawing all reasonable inferences in plaintiff's favor, no jury could find defendant liable under any of the evidentiary routes: under the McDonnell Douglas test, or as one of a number of mixed motives, by direct or circumstantial evidence."Id.

Here, Plaintiff has put forth substantial evidence in her 56.1 to demonstrate that others were in fact not terminated for the same reasons as Plaintiff but they resigned. The Court failed to credit Plaintiff's Responsive and Additional Statement of Material Facts. Plaintiff provided the court with facts and references to evidence that support adverse actions, establish a causal connection, and demonstrate pretext making summary judgment improper. "Additionally, unlike the federal and state claims, the NYCHRL has a broader definition of protected activity, "rather than requiring a plaintiff to show an adverse employment action, [the NYCHRL] only requires [her] to show that something happened that was reasonably likely to deter a person from engaging in protected activity." Xiang v. Eagle Enters., LLC, 2020 U.S. Dist. LEXIS 7909, at *26 (S.D.N.Y. Jan. 16, 2020). Here, the Court says the record bears evidence that other employees shipping to the same address as Plaintiff have stated that they were working with a diverter/reseller. Dkt No. 145, p. 5. However, the evidence cited does not support that statement. In the portion of the record cited "Lee eventually admitted that former Bloomingdale's employee Kristina Mikhaylova was her

point of contact to Yu Yu." Ex 21 BLM002194, the other employee did not implicate plaintiff was the person who got them involved or that plaintiff was a diverter/reseller.

The Court is seemingly confusing a diverter/reseller policy violation with tax evasion. Diverter/reseller is not the same as tax evasion, the Court confused the two by stating that others like Lee "implicated Plaintiff as the person who got them involved." Dkt. No. 145 p. 6. Indeed another employee was accused of violating the diverter/reseller policy in which she processed fraudulent customer credit cards. This had nothing to do with Plaintiff. See Dkt. No. 124 , paragraph no. 125. Moreover, just because they sent to same address doesn't mean Plaintiff "got Lee involved." Indeed, after Plaintiff informed Defendants that she was pregnant, needed a reasonable accommodation, and that she felt that she was being discriminated against Defendants suddenly became suspicious of Plaintiff and her purchases but Defendants do not cite to any evidence in the record nor is there evidence cited in the court's decision establishing Plaintiff shipped her items to a reseller. Defendants and other employees made accusations against Plaintiff for purchases after Plaintiff informed defendants of her pregnancy and engaged in protected activity . Thereby making defendants reason for terminating plaintiff an issue of material fact that is best for the jury to determine.

Additionally both employees cited by the Court in Dkt No. 145 p.6 shipped to the same address as plaintiff and did not say they were gifts and yet they were not terminated. They resigned. Further supporting Defendants treated Plaintiff worse than other employees for committing the same alleged policy violation. This is a disputed material issue of fact for a jury to determine. See Dkt. No. 124, paragraph no. 125. Further, Defendants improperly responded to plaintiff's counter-statement of facts with a reply to their own statement of fact. They are essentially getting a second bite at the apple and responding with argument, conclusory statements, and new facts besides

failing to cite to admissible evidentiary materials in the record to support their responses. By way of example, dkt no. 137 paragraph 79 in Defendants Reply they start with "The parties involved in investigating Mikhaylova were all working together…." with no citation to the record at all. The Court should not have considered any of Defendants' reply to Plaintiff's responses. dkt no. 137 paragraph 2, 28, 31,33-37,40-41,45,54,56-57,62, 76, 77-79, Defendants' Reply. Instead of leaving the fact disputed, Defendants intentionally confuse the court and attempt to misconstrue Plaintiff's responses.

## CONCLUSION

Accordingly, Plaintiff respectfully requests the court alter and/or amend the Court's November 13, 2023 judgment dismissing Plaintiff's NYSHRL and NYCHRL claims with prejudice to without prejudice.

Dated: December 11, 2023
New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

*/s/Melissa Mendoza*
Melissa Mendoza, Esq.
Derek Smith Law Group, PLLC
One Pennsylvania Plaza Suite 4905
New York, New York 100119
Telephone: (212) 587-0760
melissa@dereksmithlaw.com